DONALD L. CORBIN, Associate Justice. I iThis appeal is from child-custody orders entered by the Pulaski County Circuit Court on October 11, 2012, and November 13, 2012. This court granted a petition for review filed by Appellee Marcia Goodloe following a decision by the court of appeals in Goodloe v. Goodloe, 2013 Ark. App. 624, 2013 WL 5872296, wherein the court of appeals reversed the circuit court’s order leaving primary custody with Marcia but granting Appellant Graham Goodloe certain decision-making authority with regard to the parties’ two minor children, B.G. and T.G. When this court grants a petition for review of a decision by the court of appeals, we treat the appeal as if it had been originally filed in this court. Singletary v. Singletary, 2013 Ark. 506, 431 S.W.3d 234. We remand this case to the circuit court and vacate the order of the court of appeals. | ¡After we had granted the petition for review, Marcia sought and received permission to file a supplemental brief with this court. After her supplemental brief had been filed, Graham filed in this court a motion to dismiss the appeal. Therein, Graham stated that the circuit court had entered an order on March 11, 2014, temporarily changing custody of the parties’ minor children to Graham, and the pending appeal was therefore moot. Marcia filed a response, asserting that the appeal was not moot because the circuit court’s order was a temporary order that could not be appealed. Moreover, Marcia asserted that it was necessary for this court to clarify what she deemed to be a conflict between this court’s decision in Singletary, 2013 Ark. 506, 431 S.W.3d 234, and the court of appeals’ decision in this case. This court denied the motion to dismiss on April 17, 2014. Graham now asserts on appeal that the circuit court erred in refusing to award him physical custody of the children when it found a material change in circumstances justifying a change in educational decision-making authority for B.G. and T.G., and medical decisionmaking authority for T.G., from Marcia to Graham. According to Graham, the circuit court’s finding that physical custody should remain with Marcia was contrary to the preponderance of the evidence and not in the best interest of the children. | ¡¡Although this appeal is not moot,[1] the issues presented regarding a material change in circumstances and the best interest of the minor children have once again changed, as demonstrated by the circuit court’s order granting temporary custody to Graham. While the circuit court’s most recent order governing custody of the minor children is temporary, Graham has requested a permanent change of custody based on allegations of a material change in circumstances that occurred after entry of the order that is the subject of this appeal.[2] Thus, any opinion offered by this court with regard to the 2012 orders granting Graham certain decision-making authority but leaving physical custody with Marcia would be purely advisory. And it is well settled that this court does not issue advisory opinions. See DIRECTV, Inc. v. Murray, 2012 Ark. 366, 423 S.W.3d 555. Accordingly, because of the unique procedural history of this case, we remand it to the circuit court for consideration of any pending matters related to the custody of the minor children, B.G. and T.G. Remanded; court of appeals’ opinion vacated. BAKER, GOODSON, and HART, JJ., dissent. . The circuit court's March 11, 2014 order, which was attached as an exhibit to pleadings filed in this court, clearly states that the change of custody to Graham is temporary and "in place until further orders from the Court.” Only final orders of custody are specifically appealable under Arkansas Rule of Appellate Procedure-Civil 2(d); see also Sandlin v. Sandlin, 290 Ark. 366, 719 S.W.2d 433 (1986); Chancellor v. Chancellor, 282 Ark. 227, 667 S.W.2d 950 (1984). . Attached as an exhibit to Graham's motion to dismiss the appeal was his "Motion for Change of Custody and Emergency Hearing,” wherein he requested immediate temporary and permanent custody of the children.