COURTNEY HUDSON GOODSON, Justice, concurring. In the case at bar, the majority strikes down Act 595 of 2013 by holding that voter identification constitutes a “qualification” for voting in violation of article 3, section 1 of the Arkansas Constitution.[1] 117I would affirm, but rather because the Act failed to obtain a two-thirds majority vote in both houses of the General Assembly as required by amendment 51, section 19. As a consequence, I do not believe that it is necessary to decide whether the Act can withstand constitutional scrutiny under article 3. Accordingly, I concur in the decision to affirm. With the adoption of the Arkansas Constitution in 1874, the people of Arkansas reserved all powers relating to voting and elections to themselves, by stating, Elections shall be free and equal. No power, civil or military, shall ever interfere to prevent the free exercise of the right of suffrage; nor shall any law be enacted, whereby the right to vote at any election shall be made to depend upon any registration of the elector’s name; or whereby such right shall be impaired or forfeited, except for the commission of a felony at common law, or upon lawful conviction. Ark. Const, art. 3, § 2 (1874), superseded by Ark. Const, amend. 39. Through this provision, it is clear that the people of Arkansas jealously guarded the right of suffrage and restricted the General Assembly from enacting any law impairing such right. In 1948, the people elected to grant the General Assembly the authority to register voters through the adoption of amendment 39, and in 1964, the people passed amendment 51, which is a comprehensive regulatory scheme governing the registration of voters. Amendment 51 codifies the power of the General Assembly to “establish a system of permanent personal registration as a means |1sof determining that all who cast ballots in general, special and primary elections in this State are legally qualified to vote in such election, in accordance with the Constitution of Arkansas and the Constitution of the United States.” Ark. Const, amend. 51, § 1. Consequently, in my view, if the General Assembly possesses the power to enact Act 595 at all, that power necessarily emanates from amendment 51. Section 6 of the amendment details the existing requirements for identification and registration of qualified voters and notably, does not require a photo identification. Instead, section 6 provides that an applicant is required to provide a driver’s license, or the last four digits of a social security number, but if neither of those can be provided, the Secretary of State can assign a number to serve as a means of identifying the applicant for voter-registration purposes. Section 19 of the amendment provides that the General Assembly may amend the amendment if certain conditions are met, stating, The General Assembly may, in the same manner as required for amendment of laws initiated by the people, amend Sections 5 through 15 of this amendment, so long as such amendments are germane to the amendment, and consistent with its policies and purposes. Ark. Const, amend. 51, § 19. Amendment 7 to the Arkansas Constitution, codified at article 5, section 1, clarifies that laws initiated by the people may be amended through a two-thirds vote of both houses of the General Assembly. Thus, the General Assembly may modify the requirements for identifying qualified voters only through an amendment to amendment 51 that passes by a two-thirds vote. |iaAt bottom, the issue in this case is whether the enactment of Act 595 is a valid and constitutionally authorized exercise of legislative authority under amendment 51, or whether the Act impermissibly adds a voter qualification in violation of article 3. In this case, however, we need not decide the constitutionality of Act 595 pursuant to article 3 because, even if it had been passed under the authority of amendment-51, it did not achieve the two-thirds vote that is required in section 19. Ark. Const, amend. 51, § 19. Indeed, the appellant concedes that the General Assembly did not enact its voter-identification provision as an amendment to amendment 51 or follow the proper provisions therein. As a consequence, Act 595 is null and void for that reason alone, which requires this court to affirm the circuit court’s decision striking down the Act. Because the Act is invalid, we need not decide whether it would otherwise pass constitutional scrutiny. In fact, it is our duty to refrain from addressing constitutional issues where, as here, the case can be disposed of without determining constitutional questions. Prock v. Bull Shoals Boat Landing, 2014 Ark. 93, 431 S.W.3d 858; Daniel v. Spivey, 2012 Ark. 39, 386 S.W.3d 424; Solis v. State, 371 Ark. 590, 269 S.W.3d 352 (2007) (holding that, if the case can be resolved without reaching constitutional arguments, it is our duty to do so); Haase v. Starnes, 323 Ark. 263, 915 S.W.2d 675 (1996) (holding that constitutional issues are not decided unless it is necessary to the decision). Any opinion offered by this court would be purely advisory, and it is well settled that this court does not issue advisory opinions. Goodloe v. Goodloe, 2014 Ark. 300, 439 S.W.3d 5. | ^Because the Act failed to obtain a two-thirds vote, it is invalid. As a consequence, it is wholly unnecessary to decide whether the Act added a new qualification to voting as prohibited by article 3. Therefore, I concur in the decision striking down the Act. BAKER and HART, JJ., join. . In so holding, this court subjugates Arkansas to a minority of one: the only state in the union to hold that voter-identification laws constitute a voting qualification. See e.g. Democratic Party of Georgia, Inc. v. Perdue, 288 Ga. 720, 707 S.E.2d 67 (2011); League of Women Voters of Indiana, Inc. v. Rokita, 929 N.E.2d 758 (Ind.2010); City of Memphis v. Hargett, 414 S.W.3d 88 (Tenn.2013); League of Women Voters of Wisconsin Educ. Network, Inc. v. Walker, 851 N.W.2d 302 (Wis.2014). Because this case presents only a facial challenge to Act 595, we are precluded from analyzing whether the law is unnecessarily burdensome so as to effectively amount to a new qualification.