

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                ) BAP No. AZ-14-1503-PaJuKi
                                      )
CHRISTINA M. CLINE and                ) Bankr. No. 13-19488
JASON H. CLINE,                       )
                                      )
          Debtors.          )
_____)
                                      )
                                      )
CHRISTINA M. CLINE;                   )
JASON H. CLINE,                       )
                                      )
          Appellants,       )
                                      )
v.                                    ) **M E M O R A N D U M**[1]
                                      )
JILL H. FORD, Chapter 7 Trustee,      )
                                      )
          Appellee.         )
_____)

Argued and Submitted on June 19, 2015
at Phoenix, Arizona

Filed - June 30, 2015

Appeal from the United States Bankruptcy Court
for the District of Arizona

Hon. Daniel P. Collins, Chief Bankruptcy Judge, Presiding

---

Appearances:    Lawrence D. Hirsch of Parker Schwartz, PLLC argued
for appellants Christina and Jason Cline; Steven D.
Nemecek of Steve Brown & Associates, LLC argued for
appellee Jill H. Ford, Chapter 7 Trustee.

---

Before: PAPPAS, JURY, and KIRSCHER, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

-1-

Chapter 7[2] debtors Christina and Jason Cline ("Debtors") appeal the order of the bankruptcy court sustaining the objection filed by chapter 7 trustee, Jill H. Ford ("Trustee"), to Debtors' claim of exemptions. We AFFIRM.

## I. FACTS

Debtors lived in Missouri for ten years before moving to Arizona in the summer of 2013. On November 18, 2013, Debtors filed a chapter 7 petition. On schedule C, Debtors claimed some of their property exempt under § 522(d). Trustee objected to Debtors' attempt to use the exemptions provided under § 522(d), arguing that, pursuant to § 522(b)(3)(A), Debtors were limited to claiming those exemptions allowed under Missouri law.

The parties agreed that, applying § 522(b)(3)(A) and Mo. Rev. Stat. § 513.427, Debtors were required to look to Missouri state law to determine their exemptions. The parties disputed, however, what Missouri law provided. Debtors argued that the Missouri statutes only allowed that State's exemptions to be used by its residents. Because when they filed their bankruptcy petition they were residents of Arizona, Debtors insisted they were precluded from claiming exemptions under Missouri law. As a result, pursuant to the "hanging paragraph" of § 522(b)(3), Debtors contended they were entitled to claim the federal exemptions.

Trustee countered that nothing in the Missouri exemption statutes, nor in the case law interpreting those statutes, required a debtor to be a resident of Missouri in order to claim

_____

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

that State's exemptions. Therefore, Trustee argued, Debtors were compelled to use the Missouri exemptions.

The hearing on Trustee's objection occurred on May 8, 2014, at the conclusion of which the bankruptcy court took the issues under advisement. On May 30, 2014, the court entered its order sustaining Trustee's objection to Debtors' claimed exemptions. In the order the bankruptcy court concluded that "there is no language in Missouri's current opt-out statute or exemption statutes indicating that an individual must be a resident of Missouri to claim Missouri exemptions. See Mo. Rev. Stat. §§ 513.427, 513.430, 513.440, [and] 513.475. If Missouri's legislature wanted its exemption statutes to only be available to Missouri residents[] it could have said so."[3] In re Cline, 2014 WL 2463018, at *2 (Bankr. D. Ariz. May 30, 2014).

On June 4, 2014, Debtors' filed a "Motion to Reconsider Order Sustaining Objection to Exemptions." At an October 15, 2014 hearing, the bankruptcy court announced it would deny the motion. An order confirming its decision was entered on October 16, 2014. Debtors filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

---

[3] At the hearing on Trustee's objection the court considered Debtors' proposal to certify this question to the Missouri Supreme Court due to the lack of case law addressing the issue; however, Trustee objected to this course of action. In the court's order it noted Trustee's objection and declined to certify the question. The parties did not ask this Panel to certify the question to the Missouri Supreme Court.

-3-

## III. ISSUE

Whether a debtor must be a current resident of Missouri to claim Missouri exemptions.

## IV. STANDARD OF REVIEW

We review a bankruptcy court's interpretation of state exemption law and the Bankruptcy Code de novo. Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 545 (9th Cir. BAP 2009). De novo review requires that "we consider a matter anew, as if no decision had been rendered previously." Mele v. Mele (In re Mele), 501 B.R. 357, 362 (9th Cir. BAP 2013).

## V. DISCUSSION

### A. Debtors' Arguments on Appeal

Debtors argue that Missouri law allows only residents of that State to claim its exemptions. Therefore, they should be entitled to claim the federal exemptions under § 522(d) because they are now residents of Arizona. See § 522(b)(3) (providing "[i]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)."). Debtors argue that even though Missouri's "opt out statute" and its exemption statutes contain no express reference to limiting their use to "residents" of the State, that requirement has been the law in Missouri for over one hundred years.

### B. Applicable Law and Disposition

A bankruptcy estate is created upon the filing of a petition that consists of all of the debtor's interest in property. § 541(a). Section 522(b)(1) allows the debtor to exempt certain

-4-

interests in property to remove them from the bankruptcy estate, "and hence from the creditors[] for the benefit of the debtor." Owen v. Owen, 500 U.S. 305, 308 (1991). A debtor may elect between the federal exemptions provided in § 522(d) or exemptions provided by the debtor's State, "unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." § 522(b)(2). As mentioned above, § 522(b)(3)(A) provides the means to determine the State law that is "applicable to the debtor" based upon the debtor's domicile during the specified time period before the filing of the petition.[4] "For purposes of § 522(b) 'domicile' means actual residence coupled with a present intention to stay there." Drummond v. Urban (In re Urban), 375 B.R. 882, 888 n.14 (9th Cir. BAP 2007) (citing Lowenschuss v. Selnick (In re Lowenschuss), 171 F.3d 673, 684 (9th Cir. 1999)). However, if the effect of the analysis under § 522(b)(3)(A) is to leave the debtor "ineligible for any exemption, the debtor may elect to exempt property that is specified under [§ 522(d)]." § 522(b)(3).

---

[4] Section 522(b)(3)(A) provides in full:

> (3) Property listed in this paragraph is
>
> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]

-5-

In this case, in applying § 522(b)(3)(A), the parties agree that Missouri is Debtors' domicile and that Missouri provides the applicable law. Missouri has opted out of the Bankruptcy Code's exemption scheme. In re Rosen, 354 B.R. 902, 902-03 (Bankr. E.D. Mo. 2006) (citing MO. REV. STAT. § 513.427 and stating "Missouri has exercised its option under []§ 522(b)(2) to opt out of the Bankruptcy Code's exemption scheme. Thus, a debtor domiciled in Missouri may only exempt property from a bankruptcy estate that is exempt from execution or attachment under Missouri law or federal law outside the Bankruptcy Code."); see also Abdul-Rahim v. LaBarge (In re Abdul-Rahim), 720 F.3d 710, 712 (8th Cir. 2013). In particular, Missouri's opt out statute provides:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

MO. REV. STAT. § 513.427.

As relevant here, Missouri's personal property exemption statute contains a list of items that may be exempted by debtors in the State, providing that "[t]he following property shall be exempt from attachment and execution to the extent of any person's interest therein . . . ." MO. REV. STAT. § 513.430. Moreover, the Missouri homestead exemption statute, in relevant part, reads: "[t]he homestead of every person . . . not exceeding the value of fifteen thousand dollars . . . shall . . . be exempt from attachment and execution." MO. REV. STAT. § 513.475.

-6-

The Missouri Supreme Court instructs, in interpreting statutes of that State, the "'[c]ourt's primary rule . . . is to give effect to the legislative intent as reflected in the plain language of the statute at issue.'" Ivie v. Smith, 439 S.W.3d 189, 202 (Mo. 2014) (en banc) (quoting Parktown Imports, Inc. v. Audi of Am., Inc., 278 S.W.3d 670, 672 (Mo. 2009) (en banc)). That is, "'words should be given their plain and ordinary meaning whenever possible.'" Ivie, 439 S.W.3d at 202 (quoting State ex rel. Jackson v. Dolan, 398 S.W.3d 472, 479 (Mo. 2013) (en banc)). Further, "[a] court may not add words by implication to a statute that is clear and unambiguous." Asbury v. Lombardi, 846 S.W.2d 196, 202 n.9 (Mo. 1993) (en banc).

Interpreting the statutes involved in this appeal according to their plain language, we conclude that Missouri law does not require an individual to be a current resident of the State in order to seek the protection of its real and personal property exemptions. Indeed, a review of the relevant statutes shows that the word "resident" is never used. Instead, the Missouri legislature employs the more inclusive phrases "every person" and "any person[]" to describe to whom the statutes apply. See MO. REV. STAT. §§ 513.427, 513.430, 513.475. Given the plain and ordinary meaning of the words used, and mindful of the Missouri Supreme Court's admonition that we not add words by implication to these clear and unambiguous statutes, we conclude there is no requirement that an individual domiciled in Missouri, pursuant to § 522(b)(3)(A), must also be a current resident of the State in order to use the State's exemption laws.

Our conclusion is reinforced by looking to the law of other

-7-

States concerning the beneficiaries of their exemptions. For example, Kansas's personal property exemption statutes clearly identify and require an individual to be a State resident to claim its exemptions. See KAN. STAT. ANN. § 60-2313 (providing "every person **residing in this state** shall have exempt . . . .") (emphasis added). "Under the express language of this statute, Kansas personal property exemptions are not available to debtors who are not residents of Kansas." In re Nickerson, 375 B.R. 869, 871 (Bankr. W.D. Mo. 2007). In re Nickerson involved a debtor who had moved from Kansas to Missouri before filing for bankruptcy, but who was required to look to Kansas law pursuant to § 522(b)(3)(A) to determine her exemptions in that bankruptcy case. The bankruptcy court in Missouri reviewed the Kansas exemption statute cited above and concluded that it required a debtor to be a Kansas resident in order to utilize that State's exemption laws regardless of the fact that the debtor was domiciled in Kansas pursuant to § 522(b)(3)(A). Id. at 871. Based upon this conclusion, the bankruptcy court held that the debtor could utilize the federal exemptions under § 522(d) because she was not then a resident of Kansas, but rather, a resident of Missouri. Id. at 873.

Another example of a State that requires an individual to be a resident in order to utilize its exemptions is Arizona. Arizona's opt out statute provides: "[i]n accordance with [] § 522(b), **residents of this state** are not entitled to the federal exemptions provided in [] § 522(d). Nothing in this section affects the exemptions provided to **residents of this state** by the constitution or statues of this state." ARIZ. REV. STAT. § 33-1133

-8-

(emphasis added). Interpreting this statute, a bankruptcy court has held that "Arizona's opt-out exemption statute renders the nonresident [d]ebtor ineligible for the state exemptions . . . ." In re Rody, 468 B.R. 384, 391 (Bankr. D. Ariz. 2012).

In contrast to Kansas and Arizona, Missouri has no express requirement in its statutes that an individual must be a resident of the State in order to utilize its exemptions. We conclude therefore that there is no such requirement.

Debtors cite no relevant cases to the Panel that have held that an individual must be a resident of Missouri in order to utilize the State's exemption laws, and our review of the case law has found no such authority.[5] Instead, Debtors rely on Stotesbury v. Kirtland, 35 Mo. App. 148 (Mo. Ct. App. 1889), Mignogna v. Chiaffarelli, 151 Mo. App. 359 (Mo. Ct. App. 1910), and Ferneau v. Armour & Co., 303 S.W.2d 161 (Mo. Ct. App. 1957) for the conclusion that the residency requirement for Missouri's exemption statutes has been the law for over one hundred years. But, upon close reading, these decisions do not support Debtors' position. Stotesbury and Mignogna interpret Missouri exemption statutes that are no longer in effect. Because of this, the courts' statements of the law as it was in 1889 and 1910 are of no use to Debtors in

---

[5] Admittedly, we also found no cases, and were cited to none by Trustee, that expressly decided that an individual need not be a current resident of Missouri to claim its exemptions. Trustee cites, and the court discussed in its order, In re Thompson, 2009 WL 2461027 (Bankr. W.D. Mo. Aug. 10, 2009) because it implicitly supports their conclusion. The court in that case ordered the debtor, who was a nonresident of Missouri, to utilize Missouri exemptions over debtor's objection without discussing whether a nonresident of the State could do so under Missouri law. Because there was no discussion of this issue in In re Thompson we find it unpersuasive in resolving this appeal.

-9-

this contest.

Ferneau examines and applies Mo. Rev. Stat. § 525.030, Missouri's garnishment statute. The current statute, in relevant part, provides: "[t]he maximum part of the aggregate earnings of any individual . . . which is subject to garnishment may not exceed (a) twenty five percentum, or, . . . (c) if the employee is the **head of family and a resident of this state**, ten percentum, whichever is less." MO. REV. STAT. § 525.030 (emphasis added). As can be seen, this statute includes an express "resident" requirement. Therefore, it should be no surprise the court in Ferneau noted this requirement that the individual seeking to benefit from the statute actually reside in the State.[6] However, as the Missouri bankruptcy court observed, the garnishment statute is not an exemption statute. In re Parsons, 437 B.R. 854, 858 (Bankr. E.D. Mo. 2010) ("While true . . . [Mo. Rev. Stat. § 525.030] was used as an exemption statute in times past, in the light of the holding in In re Benn, this can no longer be the case. All debtors henceforth must make do with the Missouri exemptions where the Missouri Legislature has explicitly identified property that a judgment debtor can keep away from creditors . . . .") (citing Benn v. Cole (In re Benn), 491 F.3d 811, 813 (8th Cir. 2007). And, most importantly, the garnishment statute contains a clear indication that the Missouri legislature

---

[6] The court in Ferneau never quotes Mo. Rev. Stat. § 525.030 as it was in 1957. However, based on the court's summary of the law in the opinion it appears that it was similar, if not identical, to the current version of the statute. See Ferneau, 303 S.W.2d at 167 ("Defendant, a non-resident of Missouri, cannot take advantage of the provisions of Section 525.030 . . . under which wages in excess of 10% of the amount due are exempt.").

-10-

knew how to limit the applicability of the State's laws to residents when appropriate. The legislature did not do so in adopting the bankruptcy opt out statute or in the specific exemption statutes. We decline to read such a requirement into those laws.[7]

Finally, Debtors rely on statements of the law by courts in factually distinguishable cases. For example, Debtors cite to In re Benn, wherein the Eighth Circuit stated that Mo. Rev. Stat. § 513.427 "restrict[s] **Missouri residents** to the exemptions available under Missouri law . . . ." 491 F.3d at 813 (emphasis added).[8] Of course, this statement of the law is correct in that a resident of Missouri is entitled to claim the State's exemptions. But there is nothing in the statutes, or cases interpreting those statutes, that limit the applicability of the laws solely to Missouri residents. A more accurate and complete statement of the law would be that, as provided in § 522(b)(3)(A), individuals **domiciled** in Missouri are entitled to Missouri exemptions, as the bankruptcy court observed in In re Rosen, 354 B.R. at 902-03. The cases cited by Debtors, which recite that residents of Missouri may claim Missouri exemptions, simply did

---

[7] Exemption statutes in Missouri are to be construed liberally in favor of debtors. Hardy v. Fink (In re Hardy), ___ F.3d ___, 2015 WL 3466015, at *2 (8th Cir. June 2, 2015). But "[e]ven though Missouri exemption statutes are liberally construed, 'a court must be careful not to depart substantially from the express language of the exemption statute or extend the legislative grant.'" In re Shelby, 232 B.R. 746, 765 (Bankr. W.D. Mo. 1999) (quoting In re Goertz, 202 B.R. 614, 618 (Bankr. W.D. Mo. 1996)).

[8] Debtors cite other cases that have quoted this portion of the In re Benn opinion as well. E.g., In re Haines, 528 B.R. 912, 918 (Bankr. W.D. Mo. 2015).

-11-

not involve nonresident debtors attempting to utilize Missouri exemptions and whether a nonresident could claim Missouri exemptions. Therefore, the cases are distinguishable and of no assistance in this appeal.

## VI. CONCLUSION

After de novo review, for the reasons explained above, we conclude that the bankruptcy court did not err in sustaining Trustee's objection to Debtors' claimed exemptions under § 522(d). Instead, Debtors are limited to the exemptions provided in the Missouri exemption statutes even though they were not residents of that State when they filed the bankruptcy petition. We therefore AFFIRM the order of the bankruptcy court.