Cite as 2021 Ark. 161
# SUPREME COURT OF ARKANSAS
No. CR–21–43

| | |
|---|---|
| | **Opinion Delivered:** September 16, 2021 |
| ARKANSAS PAROLE BOARD; JOHN FELTS, JOHN BELKIN, ANDY SHOCK, ABRAHAM CARPENTER, JR., DAWN BENAFIELD, JERRY RILEY, AND LONA MCCASTLAIN, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE ARKANSAS PAROLE BOARD; ARKANSAS DIVISION OF CORRECTION; AND DEXTER PAYNE, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE ARKANSAS DIVISION OF CORRECTION | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-3958]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| APPELLANTS | |
| V. | APPEAL DISMISSED AS MOOT. |
| TERRANCE PROCTOR | |
| APPELLEE | |

**BARBARA W. WEBB, Justice**

The Arkansas Parole Board and its members in their official capacities, the Arkansas Division of Correction, and Dexter Payne as the director of the Division of Correction (hereinafter "the Parole Board") appeal from a November 18, 2020 order of the Pulaski County Circuit Court declaring that Arkansas Code Annotated section 16-93-621(a)(1) (Supp. 2021), the parole provision of the Fair Sentencing of Minors Act of 2017 (FSMA) applicable to juvenile nonhomicide offenders, is retroactive. The circuit court also found that Terrance Proctor's parole-eligibility date was 2003, which made him immediately

eligible for parole. The Parole Board argues that the circuit court erred in its construction of the statute.

However, while this appeal was pending, on April 29, 2021, the General Assembly passed Act 1034 of 2021. Act 1034 inserted a new retroactivity clause that reads as follows:

(B) Subdivision (a)(1)(A) of this section applies retroactively to a minor whose offense was committed before he or she was eighteen (18) years of age, including a minor serving a sentence of life, regardless of the original sentences that were imposed.

Accordingly, if there was ever ambiguity in the FSMA with regard to its retroactive effect on the parole eligibility of nonhomicide offenders, the General Assembly has acted decisively to eliminate this ambiguity.

On May 4, 2021, Proctor moved to dismiss this appeal as moot. The Parole Board opposed the motion, arguing that Act 1034 lacked an emergency clause, which meant that it had not taken effect. We deferred the dismissal motion, opting to take it with the case. We do so now and grant Proctor's motion to dismiss.

As a general rule, the appellate courts of this state will not review issues that are moot. *Dickinson v. State*, 372 Ark. 62, 270 S.W.3d 863 (2008). A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. Given that the relevant portion of the FSMA clearly applies to Proctor's eligibility for parole, an opinion on the merits would have no practical legal effect. We therefore dismiss this appeal as moot.

Appeal dismissed as moot.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellants.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellee.