# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2001
_____

Terrance Proctor

*Plaintiff - Appellant*

v.

Dexter Payne

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 13, 2022
Filed: January 31, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Terrance Proctor appeals the dismissal of his habeas corpus petition under 28 U.S.C. § 2254 as second or successive. The district court granted a certificate of appealability on the procedural question of whether Proctor received a new judgment when a state court reduced one of his sentences from life imprisonment to 40 years.

Because the only debatable substantive claim no longer presents a live controversy, we remand with instructions to dismiss the petition as moot.

Proctor pled guilty to committing a string of violent robberies when he was 17 years old. An Arkansas state court entered nine separate judgments sentencing him to life imprisonment for the most serious aggravated robbery, with a total of 200 years to run consecutively for the remaining offenses. Proctor unsuccessfully sought relief from each judgment through a habeas corpus petition in federal district court. In 1990, this court declined to issue a certificate of probable cause to appeal.

Two decades later, the Supreme Court held that the Eighth Amendment bars a life sentence without the possibility of parole for a nonhomicide offense committed by a juvenile. Graham v. Florida, 560 U.S. 48, 74 (2010). The decision "left it to the States, in the first instance, to explore the means and mechanisms for compliance with the Graham rule." Virginia v. LeBlanc, 582 U.S. ___, 137 S. Ct. 1726, 1727 (2017) (per curiam) (internal quotation marks omitted). Arkansas decided not to provide plenary resentencing hearings for Graham petitioners. Hobbs v. Turner, 431 S.W.3d 283, 290 (Ark. 2014). The exclusive remedy instead became an automatic reduction to the applicable statutory maximum term-of-years sentence. Id.

Proctor applied for Graham relief under Arkansas's habeas corpus statute. See Ark. Code § 16-112-101 et seq. A state court reduced Proctor's life sentence to 40 years, but no formal amended judgment appears in the record. The state court left the other eight judgments undisturbed, resulting in a combined 240-year sentence. In 2017, Proctor brought a new state habeas petition, claiming that his revised aggregate sentence violated the Eighth Amendment as a de facto life sentence for a juvenile nonhomicide offender. The Arkansas Supreme Court affirmed the denial of relief. Proctor v. Kelley, 562 S.W.3d 837, 841-42 (Ark. 2018). Proctor attempted another state habeas petition in 2019, arguing that Arkansas's Fair Sentencing of Minors Act of 2017 ("FSMA") applied retroactively to make him eligible for parole. The FSMA mandates parole eligibility after 20 years of incarceration, regardless of consecutive sentences, for a juvenile convicted of a nonhomicide offense. Ark. Code

§ 16-93-621(a)(1)(A).  The Arkansas Supreme Court dismissed the claim as not cognizable under the state's habeas statute.  Proctor v. Payne, 598 S.W.3d 17, 22 (Ark. 2020).

In August 2020, Proctor returned to federal court with a habeas corpus petition pursuant to 28 U.S.C. § 2254.  The district court dismissed the petition as a second or successive application filed without the authorization of this court.  See 28 U.S.C. § 2244(b)(3).  Even so, the district court issued a certificate of appealability "on the issue of whether Mr. Proctor received an intervening, new judgment" when his life sentence was reduced to 40 years.  See Magwood v. Patterson, 561 U.S. 320, 324 (2010) (holding that when a habeas petition "challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)").  The district court also found that Proctor had made a substantial showing that his cumulative 240-year sentence violated the Eighth Amendment as a de facto life sentence for a juvenile offender.

Proctor appealed.  During the pendency of this appeal, a state court granted relief on his FSMA claim and declared him immediately eligible for parole.  On September 16, 2021, the Arkansas Supreme Court dismissed the State's subsequent appeal because an intervening legislative act expressly made the FSMA retroactive. Ark. Parole Bd. v. Proctor, 2021 Ark. 161, at *2 (Ark. 2021).  The Arkansas Parole Board has now considered Proctor's application, denying him release.  Proctor may reapply for parole next year.

To maintain a certificate of appealability on a procedural question, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "[W]e may proceed first 'to resolve the issue whose answer is more apparent from the record and arguments.'"  Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quoting Slack, 529 U.S. at 485).

Proctor's de facto life sentence claim no longer implicates a debatable Eighth Amendment violation. The Article III "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). A case becomes moot when "changed circumstances already provide the requested relief and eliminate the need for court action." Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786, 791 (8th Cir. 2018) (quoting McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1035 (8th Cir. 2004)). Here, Proctor asserted that his combined 240-year sentence deprived him of a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Graham, 560 U.S. at 75. By declaring Proctor immediately eligible for parole, the Arkansas state courts have given him that opportunity. See Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 746 (8th Cir. 2004) (explaining that a claim becomes moot when complete relief is granted in another forum).

We are unpersuaded by Proctor's arguments resisting mootness. "Statutory changes generally render a case moot, despite the legislature's power to reenact the challenged provision." Moore v. Thurston, 928 F.3d 753, 757 (8th Cir. 2019). There is no indication that the Arkansas legislature is "virtually certain" to amend or repeal the FSMA in a way that would rescind Proctor's parole eligibility. See Libertarian Party of Ark. v. Martin, 876 F.3d 948, 951 (8th Cir. 2017). For the first time at oral argument, Proctor suggested we could provide effectual relief by directing the state court that reduced his life sentence to issue a formal amended judgment. We need not consider whether we could grant such relief, however, because Proctor failed to request it from the state and district courts. See Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir. 2000) (deeming claim raised for the first time on appeal forfeited).

Proctor received complete relief on the only claim that the district court found to present a debatable violation of a constitutional right. We remand to the district court with instructions to dismiss the habeas corpus petition as moot. See Simpson v. Camper, 974 F.2d 1030, 1031 (8th Cir. 1992).

_____