Cite as 2025 Ark. 78

# SUPREME COURT OF ARKANSAS
No. CV-24-326

| | |
|---|---|
| MARTY BOLING | **Opinion Delivered:** May 22, 2025 |
| APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-24-2093] |
| V. | |
| LONA MCCASTLAIN, CHAIRWOMAN, ARKANSAS POST-PRISON TRANSFER BOARD | HONORABLE MACKIE M. PIERCE, JUDGE |
| APPELLEE | APPEAL DISMISSED AS MOOT. |

**COURTNEY RAE HUDSON, Associate Justice**

Marty Boling appeals from the denial of his petition to proceed in forma pauperis in an action filed for declaratory judgment and mandamus relief. For reversal, Boling argues that the circuit court erred in denying his in forma pauperis petition for failure to state a colorable cause of action because he should prevail on the merits of his claim. We hold that his appeal is moot and therefore dismiss it.

Boling alleged entitlement to declaratory relief with respect to parole eligibility and asserted that his parole was denied for one year without legal authority. The circuit court denied his petition to proceed as a pauper because Boling failed to state a colorable cause of action pursuant to Arkansas Rule of Civil Procedure 72 (2024). Boling alleged that appellee Lona McCastlain, chairwoman of the Arkansas Post-Prison Transfer Board, had acted ultra vires on October 2, 2023, by denying him parole for one year. The record reflects that Boling was denied parole due to "new time" and his "previous release history." Because it

has been over one year since Boling's parole was denied, the central issue of this appeal—the one-year denial of Boling's parole—no longer stands. Therefore, the appeal has been rendered moot.

It is settled that appellate courts of this state will not review issues that are moot. *Ark. Parole Bd. v. Proctor*, 2021 Ark. 161 (citing *Dickinson v. State*, 372 Ark. 62, 270 S.W.3d 863 (2008)). A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* Here, Boling was denied parole for one year in October 2023, and it has been over one year since his parole was denied. To review issues that are moot would be to issue an advisory opinion, which this court will not do. *Siegel v. State*, 2021 Ark. 228, 635 S.W.3d 313. However, this court has recognized two exceptions to the mootness doctrine. *Id.* The first one involves issues that are capable of repetition but that evade review, and the second one concerns issues that raise considerations of substantial public interest that, if addressed, would prevent future litigation. *Id.* This court considers whether to settle an issue that is moot, and we do not improvidently utilize either exception. *Ark. Dep't of Hum. Servs. v. Ledgerwood*, 2019 Ark. 100, 571 S.W.3d 1 (citing *Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, 566 S.W.3d 105).

Boling's case does not fall within either exception. Boling's claim that the Post-Prison Transfer Board acted outside its authority when it denied parole for a reason that was specific to him is not a claim that is capable of repetition or that raises consideration of a matter of substantial public interest. *See Burnett v. State*, 2023 Ark. 162, 677 S.W.3d 191 (holding that claims of excessive bail are specific to the individual defendant and are therefore not subject

2

to repetition, nor are they matters of substantial public interest). Boling's parole was denied for a reason that was specific to Boling, the matter is now moot, and we dismiss his appeal.

Appeal dismissed as moot.

WOMACK, J., concurs.

BRONNI, J., dissents.

**SHAWN A. WOMACK, Justice, concurring.** I concur with the majority's disposition—the case should be dismissed. But because Boling's underlying claim is barred by sovereign immunity, the court should dismiss it for that reason, not because of mootness.[1] Boling's claims against Lona McCastlain, the chairman of the Arkansas Post-Prisoner Transfer Board, impermissibly make the State a defendant in its own courts, and Boling failed to plead any "express constitutional provision to the contrary[.]"[2]

Because of this, I respectfully concur.

**NICHOLAS J. BRONNI, Justice, dissenting.** This case presents a nearly identical challenge to the one we denied in *Robinson v. Felts*, 2025 Ark. 67, a case we decided just weeks ago. I'd follow that decision here and affirm the circuit court's decision.

*Marty Boling*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Samuel F. Pollock*, Ass't Att'y Gen., for appellee.

---

[1]*Perry v. Payne*, 2022 Ark. 112, at 5–6 (Womack, J., dissenting).

[2]*Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).