Cite as 2025 Ark. App. 612

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-24-380

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF GRACE YVONNE FENNER | Opinion Delivered December 10, 2025 |
| GRACE YVONNE FENNER<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04PR-18-150] |
| V. | HONORABLE XOLLIE DUNCAN, JUDGE |
| CHRISTOPHER MICHAEL FENNER<br>APPELLEE | DISMISSED |

**WAYMOND M. BROWN, Judge**

Appellant Grace Yvonne Fenner appeals the order of the Benton County Circuit Court denying her emergency motion to terminate the guardianship her father, Christopher Fenner, has had over her since March 26, 2018.  Appellant argues on appeal that (1) the 2018 guardianship order is void due to the lack of jurisdiction over her, (2) the circuit court erred in failing to terminate the guardianship because review of the records shows that it is voidable, and (3) the circuit court erred in finding that the burden of proof to terminate the guardianship was not met  We dismiss this appeal as moot.

Appellee filed a petition for appointment of guardianship on February 23, 2018.  He contended that appellant's disabilities from autism spectrum disorder (ASD) were permanent and would prohibit her from ever being able to live independently.  At the time

of the petition, appellant was less than a month shy of her eighteenth birthday.[1] The petition alleged that appellant was incapacitated by reason of her minority and that she would continue to be incapacitated by reason of permanent disability. Appellee included a psychological evaluation by Dr. Donna M. Van Kirk to support his contention that appellant's disabilities were permanent and that she would never be able to live independently. The circuit court entered an order on March 26, 2018, appointing appellee guardian over appellant. The order stated that appellant was incapacitated and in need of a guardianship because of her minority and the inability of her parents to care for her at the time. Appellee was to remain appellant's guardian "until such time as the proposed ward reaches the age of majority, becomes emancipated by a court of competent jurisdiction, or the guardianship is otherwise no longer necessary or [her] disabilities are otherwise removed[.]"[2]

Appellant filed an emergency motion to review and terminate guardianship on December 16, 2023. She stated that the circuit court had issued the guardianship due to her minority and ASD, which allegedly rendered her unable to live independently. She alleged that there had been a material change in circumstances rending the guardianship unnecessary: (1) she had graduated high school; (2) she had briefly worked in two different jobs, and can secure gainful employment at any time; (3) she is highly functional, intelligent,

---

[1]Appellant was born March 15, 2000.

[2]By the time the hearing took place, appellant had reached majority; however, appellee had also alleged that appellant was incapacitated due to her autism.

2

and capable of making her own decisions regarding her welfare and general well-being; (4) she makes her own medical decisions by filling her own prescriptions and making her own doctor's appointments, and she provides medical assistance to appellee when he manifests symptoms and side effects associated with his diabetes; (5) appellee has failed to provide her with a copy of the pleadings, filings, and orders as required by Arkansas Code Annotated section 28-65-106, and he has not allowed her to attend court hearings that affect her status as the ward; and (5) appellee has manipulated her circumstances and has placed onerous restrictions on her living situation, including making her cook, clean, provide medical care for appellee, and perform other menial tasks. Appellant maintained that appellee treats her as an indentured servant. The hearing on appellant's motion was initially set for January 11, 2024, but had to be changed when service could not be made on appellee. A January 18 order reset the hearing for March 4.

The circuit court held a hearing on appellant's motion on March 4 and found that appellant had not met her burden to terminate the guardianship. The order denying appellant's motion was filed on March 4. A timely notice of appeal was filed on April 1. This appeal followed.

While this appeal was pending, another hearing took place, and the circuit court entered an order on May 30, 2025, terminating the guardianship. Appellant's counsel informed this court of the new order but asked that we still address appellant's third issue

3

on appeal. It is settled that appellate courts of this state will not review issues that are moot.[3] A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy.[4] Here, the circuit court has terminated the guardianship of appellant, and to review this issue would result in this court issuing an advisory opinion, which we will not do.[5] We have recognized two exceptions to the mootness doctrine.[6] The first one involves issues that are capable of repetition but evade review, and the second one concerns issues that raise considerations of substantial public interests that, if addressed, would prevent future litigation.[7] Appellant's counsel contends that we should address the third point on appeal because it involves "important issues of law . . . such as whether a professional evaluation is required to terminate a guardianship[.]" However, we disagree that the third issue on appeal rises to the level of a substantial public interest, and there is no indication that it is subject to repetition. Because none of the exceptions apply, we dismiss this appeal as moot.

Dismissed.

KLAPPENBACH, C.J., and GLADWIN, J., agree.

*Wayne G. Williams*, for appellant.

---

[3]*Boling v. McCastlain*, 2025 Ark. 78.
[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

4

One brief only.