Cite as 2026 Ark. App. 35

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-24-713

| | | |
|---|---|---|
| ZOE GREENE | | Opinion Delivered January 21, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JPR-24-36] |
| V. | | |
| JAMIE CLARK | | |
| | APPELLEE | HONORABLE TONYA M. ALEXANDER, JUDGE |
| | | DISMISSED AS MOOT |

**ROBERT J. GLADWIN, Judge**

This appeal arises from the Craighead County Circuit Court's order granting a permanent guardianship over appellant Zoe Greene's minor children (MC1 and MC2) to appellee Jamie Clark, the minor children's paternal grandmother. Greene argues on appeal that (1) the circuit court failed to make the requisite statutory findings in appointing Clark as guardian over the minor children, (2) the evidence was insufficient to establish a guardianship, and (3) the court clearly erred in appointing Clark as the guardian. We dismiss this appeal as moot.

On February 2, 2024, Clark filed a petition for appointment of guardianship of MC1 and MC2. The petition alleged that Greene was unable to provide a safe and stable home for the children and that the minor children's father, Hunter Faulkner, was also unstable

and had threatened self-harm. An ex parte order for emergency guardianship was entered on the same day, and an emergency hearing was held three days later on February 5. Greene filed her response objecting to the appointment of Greene as the children's guardian. The circuit court entered an order on March 1, 2024, appointing Clark temporary guardian over MC1 and MC2. Three days after the hearing, Hunter Faulkner passed away.

A final guardianship hearing was held on May 2, 2024. At the conclusion of the testimony and evidence and after hearing arguments of counsel, the circuit court announced its ruling from the bench and granted Clark permanent guardianship. Greene was awarded specific visitation with the minor children, including alternating weekends from Friday to Sunday, summer visitation to consist of one week in June and one week in July, and a split holiday schedule. Greene timely filed her notice of appeal, and this appeal followed.

However, while the appeal was pending, the circuit court entered an order terminating the guardianship. It is settled that appellate courts of this state will not review issues that are moot. *See Boling v. McCastlain*, 2025 Ark. 78. A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* Appellate courts have recognized two exceptions to the mootness doctrine. *Id.* The first one involves issues that are capable of repetition but that evade review, and the second concerns issues that raise considerations of substantial public interest that, if addressed, would prevent future litigation. *Id.* This case does not fall within either exception.

Here, the circuit court has terminated the guardianship of MC1 and MC2, and to review this issue would result in this court issuing an advisory opinion, which we will not do. *See In re Guardianship of Fenner*, 2025 Ark. App. 612.

Dismissed as moot.

ABRAMSON and BARRETT, JJ., agree.

*Streit Law Firm, PLLC*, by: *Jonathan R. Streit*, for appellant.

*Law Offices of Bryce Cook PLC*, by: *Bryce D. Cook*, for appellee.