Cite as 2026 Ark. App. 115

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-25-165

| | |
|---|---|
| | Opinion Delivered February 25, 2026 |
| LANDRY KAMDEM KAMDEM | |
| APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT |
| V. | [NO. 73DR-21-505] |
| CARINE KAMDEM KAMDEM | HONORABLE CRAIG HANNAH, |
| APPELLEE | JUDGE |
| | APPEAL DISMISSED |

**N. MARK KLAPPENBACH, Chief Judge**

Landry Kamdem Kamdem appeals from the 2024 order of the White County Circuit Court awarding primary custody of the parties' four children to appellee Carine Kamdem Kamdem. On appeal, Landry argues that the circuit court erred in finding a material change in circumstances and erred in modifying custody without making a best-interest finding. We dismiss the appeal as moot.

The parties' 2023 divorce decree granted Carine legal custody of the children but ordered that the parties would equally share physical custody and exchange the children every Friday. In 2024, Carine moved to modify the decree and requested that she be awarded custody subject to Landry's visitation. After a hearing, the circuit court entered an order in August 2024 finding that there had been a material change in circumstances. The court ordered that Landry would have visitation every other weekend from Thursday afternoon to

Monday morning; that during the "off weeks," he would have overnight visitation from Thursday afternoon to Friday morning; and that during the summer, he and Carine would alternate weeks with the children. Landry timely appealed this order.

While this appeal was pending, the circuit court entered an order on May 14, 2025, again modifying custody and visitation. In this order, the court awarded Carine sole physical and legal custody with Landry's visitation solely at her discretion. Accordingly, the issues regarding a material change in circumstances and the best interest of the children have once again changed, and any opinion offered by this court with regard to the August 2024 order would be purely advisory. *See Goodloe v. Goodloe*, 2014 Ark. 300, 439 S.W.3d 5. A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *In re Guardianship of Fenner*, 2025 Ark. App. 612. Reviewing the August 2024 order, which is no longer in effect, would result in this court issuing an advisory opinion, which we will not do. *Id.*

We have recognized two exceptions to the mootness doctrine. *Id.* The first one involves issues that are capable of repetition but evade review, and the second one concerns issues that raise considerations of substantial public interests that, if addressed, would prevent future litigation. *Id.* We hold that neither exception applies here, and the appeal is moot.

Appeal dismissed.

TUCKER and HIXSON, JJ., agree.

*Streit Law Firm, PLLC*, by: *Jonathan R. Streit*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellee.