2009 Ark. 406

**VAN BUREN COUNTY TITLE CO., Appellant,**

v.

**Ester BASS, County and Circuit Clerk, Van Buren County, Arkansas, and Amber Maddox, Deputy Clerk; Automated County Title Services, Inc.; James Kirkendoll, Justice of the Peace and Director of Van Buren County Career Center, Director of Van Buren County Annex, Appellees.**

No. 09–943.

Supreme Court of Arkansas.

Sept. 10, 2009.

MOTION FOR RULE ON CLERK.

PER CURIAM.

Appellant Van Buren County Title Co., by and through its attorney, Jerry Patterson, seeks a motion for rule on clerk. The Van Buren County Circuit Court held a hearing in this case on November 26, 2008, and rendered a ruling on May 29, 2009. In its notice of appeal, Van Buren Title Co. mistakenly stated that it was appealing from the "order filed and entered in this case on the 26th day of November, 2008," the date of the hearing. However, while the May 29 order referenced the November 26 hearing, it is clear that the only appealable order entered in this case was the May 29, 2009 order.

The notice of appeal, filed on June 8, 2009, was clearly timely with regard to the May 29, 2009 order appealed from, and the record was timely lodged within ninety days of the June 8 notice of appeal. Nonetheless, this court's clerk's office refused to accept the record due to the apparent untimeliness of the June 8, 2009 notice of appeal that purported to appeal from a November 26, 2008 order.

We grant the motion for rule on clerk. It is clear from the record that there is no other judgment from which an appeal could have been taken. Although the circuit court rendered a ruling from the bench at the conclusion of the November 26, 2008, hearing, Van Buren County Title Co. could not have taken an appeal from this oral ruling. See Ark. R. Civ. P. 58 (a judgment or decree is effectively only when so set forth and entered as provided in Administrative Order No. 2). Supreme Court Administrative Order No. 2(b)(2) provides as follows:

> The clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word "filed." A judgment, decree or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book.

See also *Farm Bur. Mut. Ins. Co. of Ark. v. Sudrick,* 49 Ark.App. 84, 896 S.W.2d 452 (1995) (where notice of appeal recited that appeal was taken from an order entered on August 4, 1993, but no such order existed, and it was apparent that appellant intended to appeal from a later judgment, the failure to designate the later judgment was not fatal to the appeal).

Accordingly, because there is only one appealable order in the record, and the notice of appeal was timely relative to that order (and would have been correct but for the scrivener's error), we grant the appellant's motion for rule on clerk and direct our clerk's office to accept the record in this appeal.