Cite as 2014 Ark. 248

# SUPREME COURT OF ARKANSAS

No. CR-14-290

| | |
|---|---|
| | **Opinion Delivered** May 22, 2014 |
| RICKY LYNN LENARD, SR.<br>PETITIONER | PRO SE MOTION FOR BELATED APPEAL OF ORDER [JEFFERSON COUNTY CIRCUIT COURT, NOS. 35CR-13-207, 35CR-11-288] |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | HONORABLE JODI RAINES DENNIS, JUDGE |
| | <u>MOTION GRANTED</u>. |

## PER CURIAM

In 2013, petitioner Ricky Lynn Lenard, Sr., filed a pro se petition pursuant to Arkansas Code Annotated section 16–90–111 (Supp. 2006) challenging judgments of conviction entered against him in two criminal cases. The trial court denied the petition in an order entered October 15, 2013. Petitioner filed a notice of appeal in the trial court on November 8, 2013, but the notice designated an order entered May 16, 2013. When the record on appeal was tendered here, it was not lodged because there was no notice of appeal that designated the October 15, 2013 order. Under Rule 2 of the Arkansas Rules of Appellate Procedure–Criminal (2013), a person desiring to appeal a circuit court's order must file a notice of appeal with the clerk of the circuit court within thirty days of the date that the order is entered. *See* Ark. R. App. P.–Crim. 2(a).

As the notice of appeal filed on November 8, 2013, was timely as to the October 15,

SLIP OPINION

2013 order, it appears that petitioner's designation of May 16, 2013, which was the date that he entered his plea, was a scrivener's error. *See Van Buren Cnty. Title Co. v. Bass*, 2009 Ark. 406, 370 S.W.3d 811. For that reason, we accept the notice of appeal as timely and direct that the appeal be lodged and a briefing schedule set for the appeal.

Motion granted.

HANNAH, C.J., and CORBIN and DANIELSON, JJ., dissent.

**PAUL E. DANIELSON, Justice, dissenting.** The court accepts the notice of appeal in this matter as timely filed because it was filed within thirty days of the October 15, 2013 order and calls the fact that the notice of appeal designated an order filed May 16, 2013, a "scrivener's error." This ignores the fact that there was another order entered in the case filed on July 22, 2013, that was also an appealable order. If it is to be assumed that the notice of appeal was intended to apply to some appealable order, it could just as easily have been intended to apply to the July 22, 2013 order as to the October 15, 2013 order. While the notice of appeal was timely only as to the October 15, 2013 order, the notice of appeal makes no mention at all of that order.

In his motion for belated appeal, petitioner states that he did intend to designate the October 15, 2013 order, but he gives no reason for not doing so in the notice of appeal. Instead, he argues that there was merit to the pleading denied in the order. He did not meet his burden in the motion of demonstrating that the notice of appeal was intended to apply to the October 15, 2013 order and not the July 22, 2013 order. He does not contend that he committed a scrivener's error, and this court should not treat the error in the instant notice

of appeal as a scrivener's error based on guess work as to which order appellant was seeking to appeal when there is more than one order in the record to which it could apply.

HANNAH, C.J., and CORBIN, J., join.

*Ricky Lynn Lenard, Sr.*, pro se petitioner.

No response.