SLIP OPINION

Cite as 2014 Ark. 458

# SUPREME COURT OF ARKANSAS

No. CV–14–264

| | | |
|---|---|---|
| KRYSTAL BOHANNON | | **Opinion Delivered** November 6, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60DR-13-2278] |
| EDWARD ROBINSON | | HONORABLE MACKIE M. PIERCE, JUDGE |
| | APPELLEE | |
| | | <u>REVERSED AND REMANDED; COURT OF APPEALS' OPINION VACATED</u>. |

**JIM HANNAH, Chief Justice**

Appellant, Krystal Bohannon, appeals an order of protection entered against her and the denial of her posttrial motion to set aside that order. Bohannon originally appealed to the court of appeals, challenging the sufficiency of the evidence to support a finding of domestic abuse and contending that she was not afforded due process before the final order of protection was entered. The court of appeals affirmed the circuit court's decision. *See Bohannon v. Robinson*, 2014 Ark. App. 179. Bohannon then petitioned this court for review, and we granted the petition. We reverse and remand to the circuit court and vacate the court of appeals' opinion.

On June 4, 2013, appellee, Edward Robinson, filed a petition for an order of protection on behalf of his three-month-old son, A.R., against Bohannon, A.R.'s mother.

Robinson alleged in the petition that A.R. was entitled to an ex parte order of protection because Bohannon was scheduled to be released from incarceration within thirty days, and upon Bohannon's release there would be "an immediate and present danger of domestic abuse" to A.R. Robinson alleged that Bohannon presented a threat of physical harm to A.R. because on June 1, 2013, Bohannon "had an accident with three children[1] in the car and was arrested and taken to jail." Robinson also alleged that Bohannon had committed previous acts of domestic violence because "[o]n May 8th she was driving under the influence of drugs with [A.R.] and three other children in the car. She hit a pole and almost hit a gas pump. She was arrested and charged with four counts of child endangerment." On June 4, 2013, the circuit court entered an ex parte order of protection, effective until June 17, 2013, at 1:00 p.m. Bohannon was served with the petition and the order of protection on June 4, while she was in custody at the Jefferson County jail. The order awarded temporary custody of A.R. to Robinson, restrained Bohannon from committing any criminal act against A.R., prohibited Bohannon from initiating any contact with A.R., and ordered Bohannon to appear before the Pulaski County Circuit Court for a hearing on June 17, 2013, at 1:00 p.m.

Bohannon failed to appear at the hearing on June 17. Robinson appeared pro se and sought a permanent order of protection. He testified that Bohannon is his ex-girlfriend and A.R.'s mother. The following colloquy then took place between the court and Robinson:

THE COURT: Okay. And then – – let me look at the allegations again. She's had an accident with the children in the vehicle and was charged with four counts of child endangerment. Is that right?

---

[1]A.R. was not in the car with Bohannon on June 1, 2013.

ROBINSON:          Yes. Well, she's pending a trial date. I don't know if they're going to charge her.

THE COURT:        My file reflects that she was served on June 4th in the Jefferson County detention facility or jail. And she is still there; is that right?

ROBINSON:          Yes.

THE COURT:        Are you seeking a permanent order?

ROBINSON:          Yes, sir.

The circuit court then announced its ruling:

Based upon the petition, the Court finds sufficient evidence to establish domestic abuse. The Court will enter an order excluding Ms. Bohannon from your residence address. . . . I'm awarding your [sic] temporary custody of the minor child, A.R. I'm not setting visitation or support at this time. This order will remain in effect until June 16, 2016.

A final order of protection memorializing the circuit court's findings was entered on June 17, 2013. The next day, Bohannon was released from jail. On June 28, 2013, she filed a motion for new trial, or alternatively, a motion for relief from the order of protection, or alternatively, a motion to set aside the default judgment.

The circuit court held a hearing on Bohannon's posttrial motion on July 31, 2013. Bohannon argued that, although she was properly served with the ex parte order, she was unable to attend the June 17 hearing because she was incarcerated. Therefore, Bohannon contended, her due-process rights were violated because she was not afforded an opportunity to be heard and to defend the allegations against her before the final order of protection was entered. Bohannon also argued that the order should be set aside because there was insufficient evidence to support the circuit court's finding of domestic abuse. Robinson also

3

testified at the hearing and asked the circuit court to uphold the order of protection. Robinson stated that he believed that A.R. would be in danger if he were to return to Bohannon's custody.

The circuit court took the matter under advisement and in a letter opinion and a written order denied Bohannon's motion and stated that the final order of protection entered on June 17, 2013, remained in full force and effect. In her appeal to the court of appeals, Bohannon asserted that the circuit court erred in entering a final order of protection against her because there was insufficient evidence to support a finding of domestic abuse and that, because she was not afforded due process, the circuit court abused its discretion in refusing to set aside the order of protection to prevent a miscarriage of justice. Relying on this court's decision in *Wills v. Lacefield*, 2011 Ark. 262, the court of appeals held that it did not have the authority to review the issues Bohannon presented on appeal. *Bohannon*, 2014 Ark. App. 179, at 2. We granted Bohannon's petition for review to clarify any perceived inconsistencies in this court's decisions. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *E.g.*, *Garrett v. Dir., Dep't of Workforce Servs.*, 2014 Ark. 50, at 1.

Bohannon contends that the circuit court erred in finding sufficient evidence of domestic abuse to warrant entering a final order of protection. We must first resolve the issue of whether this argument is preserved for our review. The court of appeals, citing this court's decision in *Wills*, concluded that Bohannon's sufficiency challenge was not preserved for review because she failed to raise the argument at, or prior to, the hearing on the final order

of protection. *Bohannon*, 2014 Ark. App. 179, at 2. Bohannon contends that our decision in *Wills* is at odds with other our other decisions in which we have held that, in a civil bench trial, a party may challenge the sufficiency of the evidence for the first time on appeal.

Bohannon is correct. In a long line of cases, this court has held that, in a civil bench trial, a party who does not challenge the sufficiency of the evidence at trial does not waive the right to do so on appeal. *See, e.g.*, *Ingle v. Ark. Dep't of Human Servs.*, 2014 Ark. 53, at 8, 431 S.W.3d 303, 307; *Searcy Farm Supply, LLC v. Merchs. & Planters Bank*, 369 Ark. 487, 496, 256 S.W.3d 496, 503 (2007); *Oates v. Oates*, 340 Ark. 431, 435, 10 S.W.3d 861, 864 (2000); *Firstbank of Ark. v. Keeling*, 312 Ark. 441, 445, 850 S.W.2d 310, 313 (1993); *Sipes v. Munro*, 287 Ark. 244, 246, 697 S.W.2d 905, 906 (1985); *Bass v. Koller*, 276 Ark. 93, 96, 632 S.W.2d 410, 412 (1982).

In *Wills*, however, we noted that Wills argued on appeal that (1) the order of protection was erroneous and unsupported by the record, (2) that the order of protection was void because it failed to state facts sufficient to state a cause of action, and (3) that the trial court abused its discretion in granting Lacefield an order of protection even though Wills had attempted to defend with his application for continuance, and we held that "Wills failed to make any of the objections, claims, or arguments he now makes on appeal at, or prior to, the hearing; therefore, these issues are not preserved for our review." 2011 Ark. 262 at 3, 6. Wills's argument that the order of protection was erroneous and unsupported by the record was a challenge to the sufficiency of the evidence, and we erred in *Wills* when we failed to address that argument. In contrast to his other arguments on appeal, Wills did not waive his

SLIP OPINION

sufficiency challenge when he failed to raise that argument at, or prior to, the order-of-protection hearing. *See Ingle*, 2014 Ark. 53, at 7–8, 431 S.W.3d at 307 (stating that we were unable to address the issue of whether the circuit court's actions were not authorized by statute because the appellant raised the argument for the first time on appeal, but addressing the appellant's sufficiency argument raised for the first time on appeal because a party who does not challenge the sufficiency of the evidence in a nonjury trial does not waive the right to do so on appeal). To the extent that our decision in *Wills* is inconsistent with our case law that a party in a civil bench trial may challenge the sufficiency of the evidence for the first time on appeal, it is overruled.

We now turn to the merits of Bohannon's sufficiency challenge. Bohannon argues that, in this case, there was no evidence that she committed an act of domestic abuse against A.R. or that he was in imminent danger of such abuse. Bohannon states that the only evidence presented at the hearing on the petition was Robinson's testimony that she was in an accident while driving, and her children were in the vehicle. She contends that this evidence does not support a finding of domestic abuse. In addition, Bohannon points out that, although Robinson alleged in the petition that she had been charged with four counts of child endangerment following a car accident, at the hearing on the petition, he testified that he was uncertain whether Bohannon had been charged with child endangerment, but that she had a pending trial date.

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *See, e.g.*, *Cochran*

*v. Bentley*, 369 Ark. 159, 165, 251 S.W.3d 253, 259 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*, 251 S.W.3d at 259. Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.*, 251 S.W.3d at 259.

At the hearing on a petition filed under the Domestic Abuse Act, upon a finding of domestic abuse, the circuit court may provide relief to the petitioner. Ark. Code Ann. § 9-15-205(a) (Supp. 2013). "Domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members." Ark. Code Ann. § 9-15-103(3)(A) (Repl. 2009). In this case, Robinson alleged that Bohannon committed acts of domestic abuse because she inflicted fear of imminent physical harm, bodily injury, or assault on A.R.

The record of the June 17 hearing reveals that the circuit court based its finding of domestic abuse on Robinson's allegations in the petition. Although Robinson claimed in his petition that Bohannon was arrested and charged with four counts of child endangerment after a car accident on May 8 because she had been driving under the influence of drugs and that A.R. and three other children were in the car, he testified at the hearing that he did not know whether Bohannon had been charged with four counts of child endangerment. Rather, he stated that "she's pending a trial date. I don't know if they're going to charge her." He offered no proof at the hearing that Bohannon had been under the influence of drugs at the time of the accident. The other allegation in the petition—that Bohannon had

been in a car accident while driving with three of her children (but not A.R.) on June 1, 2013—was not discussed at the hearing, so it is unclear whether the circuit court considered that allegation. In any event, Robinson did not allege that Bohannon was driving under the influence of drugs at the time of the June 1 car accident, and there is no evidence in the record that Bohannon was driving under the influence at that time.[2] Robinson alleged in the petition that Bohannon was arrested and taken to jail after the June 1 car accident, but he did not state why she was arrested and jailed, nor did he present any evidence at the hearing to explain why she was arrested and jailed.[3]

It stands to reason that any parent, after learning that his or her child was in a car with a certain driver during an accident, might fear that the child could be physically harmed or suffer bodily injury or assault if the child were to ride in the car with that driver again. But, a car accident in and of itself does not rise to the level of domestic abuse. Although Robinson claimed that he feared for the safety and welfare of A.R. if contact were to continue between A.R. and Bohannon because Bohannon had driven under the influence of drugs while A.R. and other children were in the car with her, he failed to provide evidence to support those allegations.[4] Accordingly, we hold that the circuit court clearly erred in finding that there was

---

[2]The statement in the court of appeals' opinion that, "[o]n June 1, 2013, Bohannon was in an accident while driving under the influence with three children in her car," is an error of fact. *Bohannon*, 2014 Ark. App. 179, at 1.

[3]We glean from the record that Bohannon was jailed on a bench warrant for unpaid fines.

[4]We note that Robinson testified at the *posttrial* hearing on July 31that he had "several police reports and incident reports as a testament to Ms. Bohannon's behavior and driving record, because she has had several accidents in the past – – well, I'll say 14 months." But he did not

sufficient evidence produced at the June 17 hearing to support the entry of a final order of protection against Bohannon.

Reversed and remanded; court of appeals' opinion vacated.

BAKER and GOODSON, JJ., concur.

HART, J., concurs in part and dissents in part.

**COURTNEY HUDSON GOODSON, Justice, concurring.** I agree with the majority that Bohannon's challenge to the sufficiency of the evidence is properly before this court because such an argument does not have to be presented at trial in order to be considered on appeal. However, I write separately because I cannot agree with the majority's statement that we erred in *Wills* by failing to address Wills' argument that the order of protection was erroneous and unsupported by the record. Though the majority assumes that Wills raised the sufficiency of the evidence in this point on appeal, the opinion in *Wills* does not reveal the substance of the argument that Wills made to this court. Therefore, I cannot agree with the majority's assumption that the opinion in *Wills* contains an error.

BAKER, J., joins.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.** I concur with the *result* reached in this case. I write separately because the majority opinion contains two important mistakes of law.

First, the majority references the court of appeals opinion and purports to correct its

---

make that assertion at the June 17 hearing on the final order of protection. We also note that there are no police reports or incident reports in the record, and there is no indication in the record that those reports were ever presented to, or considered by, the circuit court.

mistake of law and fact. This approach conflicts with our well-established procedure. When this court grants a petition for review of a decision by the court of appeals, we treat the appeal as if it had been originally filed in this court; we review the circuit court's judgment, not the court of appeals opinion. *Goodloe v. Goodloe*, 2014 Ark. 300, 439 S.W.3d 5; *Jones v. Jones*, 2014 Ark. 96, 432 S.W.3d 36; *Singletary v. Singletary*, 2013 Ark. 506, 431 S.W.3d 234; *Fowler v. State*, 2010 Ark. 431, 371 S.W.3d 677; *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66; *T.C. v. State*, 2010 Ark. 240, 364 S.W.3d 53; *Osborn v. Bryant*, 2009 Ark. 358, 324 S.W.3d 687; *State v. Hatchie Coon Hunting & Fishing Club, Inc.*, 372 Ark. 547, 279 S.W.3d 56 (2008); *McGrew v. Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 371 Ark. 567, 268 S.W.3d 890 (2007); *Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006); *Elser v. State*, 353 Ark. 143, 114 S.W.3d 168 (2003). As the majority correctly notes, when we decided this case, the court of appeals opinion was *vacated*. Vacate means "to annul; to set aside; to cancel or rescind. To render an act void; as to vacate an entry of record, or a judgment." *Blacks Law Dictionary* 1075 (6th ed. 1991). Accordingly, while I am aware that the court of appeals improperly interpreted this court's decision in *Wills v. Lacefield*, 2011 Ark. 262, it is of no moment in this appeal because it is outside the scope of our review.

The majority compounds this error by overruling *Wills*, albeit only to the extent that it conflicts with its opinion. While it is true that *Wills*, like the case before us, involved the granting of a domestic order of protection against a defendant who was not present at the hearing on the petition, these are the only common factors between the two cases.

*Wills* involved an appeal only of the denial of his motion to set aside a default

judgment. In his motion, Wills specifically recited Rule 55(c) of the Arkansas Rules of Civil Procedure.[1] As with any default judgment, the allegations contained in Ms. Lacefield's petition were deemed to be true; no testimonial evidence was taken at the hearing. This has been the law in this state for nearly as long as this state has existed. *Johnson v. Pierce*, 12 Ark. 599 (1852).

Conversely, the case before us did involve the taking of testimony, both in the hearing that was not attended by Ms. Bohannon and the subsequent hearing at which she appeared and attempted to set the order of protection aside. The fact that there were evidentiary hearings in the case-at-bar makes *Wills* completely inapplicable. There can be no challenge to the sufficiency of the evidence unless evidence has been taken.

Finally, I note that even if we were to consider the hearing at which the domestic order of protection was issued in *Wills* an evidentiary hearing—and I definitely do not concede that point—Wills's notice of appeal was not filed in time to appeal from the grant of the order of protection. The order of protection was entered on January 15, 2010, and Wills's notice of appeal was not filed until March 9, 2010. While the notice of appeal referred to the order of protection, the notice of appeal was only filed in time to appeal the February

---

[1]Rule 55(c) states:
Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

SLIP OPINION

8, 2010 order denying Wills's motion to set aside the default judgment.[2] Where there was only one appealable order in the record, it is the practice of this court to consider the notice of appeal timely as to that order. *Van Buren Cnty. Title Co. v. Bass*, 2009 Ark. 406, 370 S.W.3d 811. Accordingly, this court had jurisdiction to consider the motion to set aside the default judgment, but not the prior order and the sufficiency of the evidence adduced in support of that order. *Curtis v. Lemna*, 2014 Ark. 377. Thus, while *Wills* is good law in all respects, it is inapplicable to the case before us.

*Dustin A. Duke*, Center for Arkansas Legal Services, for appellant.

No response.

---

[2]While the filing of a notice of appeal is jurisdictional, this court has required only substantial compliance with the procedural steps set forth in Rule 3(e). *Duncan v. Duncan*, 2009 Ark. 565. A notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice of appeal. *Id.*