JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part. I concur with the result reached in this case. I write separately because the majority opinion contains two important mistakes of law. First, the majority references the court of appeals opinion and purports to correct its |inmistake of law and fact. This approach conflicts with our well-established procedure. When this court grants a petition for review of a decision by the court of appeals, we treat the appeal as if it had been originally filed in this court; we review the circuit court’s judgment, not the court of appeals opinion. Goodloe v. Goodloe, 2014 Ark. 300, 439 S.W.3d 5; Jones v. Jones, 2014 Ark. 96, 432 S.W.3d 36; Singletary v. Singletary, 2013 Ark. 506, 431 S.W.3d 234; Fowler v. State, 2010 Ark. 431, 371 S.W.3d 677; Brown v. State, 2010 Ark. 420, 378 S.W.3d 66; T.C. v. State, 2010 Ark. 240, 364 S.W.3d 53; Osborn v. Bryant, 2009 Ark. 358, 324 S.W.3d 687; State v. Hatchie Coon Hunting & Fishing Club, Inc., 372 Ark. 547, 279 S.W.3d 56 (2008); McGrew v. Farm Bureau Mut. Ins. Co. of Ark, Inc., 371 Ark. 567, 268 S.W.3d 890 (2007); Hamm v. State, 365 Ark. 647, 232 S.W.3d 463 (2006); Elser v. State, 353 Ark. 143, 114 S.W.3d 168 (2003). As the majority correctly notes, when we decided this case, the court of appeals opinion was vacated. Vacate means “to annul; to set aside; to cancel or rescind. To render an act void; as to vacate an entry of record, or a judgment.” Blacks Law Dictionary 1075 (6th ed.1991). Accordingly, while I am aware that the court of appeals improperly interpreted this court’s decision in Wills v. Lacefield, 2011 Ark. 262, 2011 WL 2412904, it is of no moment in this appeal because it is outside the scope of our review. The majority compounds this error by overruling Wills, albeit only to the extent that it conflicts with its opinion. While it is true that Wills, like the case before us, involved the granting of a domestic order of protection against a defendant who was not present at the hearing on the petition, these are the only common factors between the two cases. Wills involved an appeal only of the denial of his motion to set aside a default | ^judgment. In his motion, Wills specifically recited Rule 55(c) of the Arkansas Rules of Civil Procedure.[1] As with any default judgment, the allegations contained in Ms. Lacefield’s petition were deemed to be true; no testimonial evidence was taken at the hearing. This has been the law in this state for nearly as long as this state has existed. Johnson v. Pierce, 12 Ark. 599 (1852). Conversely, the case before us did involve the taking of testimony, both in the hearing that was not attended by Ms. Bo-hannon and the subsequent hearing at which she appeared and attempted to set the order of protection aside. The fact that there were evidentiary hearings in the case-at-bar makes Wills completely inapplicable. There can be no challenge to the sufficiency of the evidence unless evidence has been taken. Finally, I note that even if we were to consider the hearing at which the domestic order of protection was issued in Wills an evidentiary hearing — and I definitely do not concede that point — Wills’s notice of appeal was not filed in time to appeal from the grant of the order of protection. The order of protection was entered on January 15, 2010, and Wills’s notice of appeal was not filed until March 9, 2010. While the notice of appeal referred to the order of protection, the notice of appeal was only filed in time to appeal the February 11g8, 2010 order denying Wills’s motion to set aside the default judgment.[2] Where there was only one appealable order in the record, it is the practice of this court to consider the notice of appeal timely as to that order. Van Buren Cnty. Title Co. v. Bass, 2009 Ark. 406, 370 S.W.3d 811. Accordingly, this court had jurisdiction to consider the motion to set aside the default judgment, but not the prior order and the sufficiency of the evidence adduced in support of that order. Curtis v. Lemna, 2014 Ark. 377, 2014 WL 4656613. Thus, while Wills is good law in all respects, it is inapplicable to the case before us. . Rule 55(c) states: Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown. . While the filing of a notice of appeal is jurisdictional, this court has required only substantial compliance with the procedural steps set forth in Rule 3(e). Duncan v. Duncan, 2009 Ark. 565, 2009 WL 3786850. A notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice of appeal. Id.