Cite as 2020 Ark. App. 471

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-836

|  |  |
|---|---|
| COLTON T. KANKEY | **Opinion Delivered:** October 7, 2020 |
| APPELLANT | APPEAL FROM THE FULTON COUNTY CIRCUIT COURT [NO. 25DR-19-55] |
| V. | |
| BAILEY C. QUIMBY | HONORABLE HOLLY MEYER, JUDGE |
| APPELLEE | |
|  | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART |

## WAYMOND M. BROWN, Judge

In this one-brief appeal, appellant Colton Kankey appeals from the final order of protection entered by the Fulton County Circuit Court that prohibited him from contacting his live-in girlfriend, appellee Bailey Quimby and her daughter, A.K., for a one-year period. On appeal, appellant argues that the order of protection should be reversed for the following reasons: (1) the affidavit supporting the petition for the order of protection did not meet the statutory requirements of the Domestic Abuse Act;[1] (2) service of process was deficient; (3) the hearing on the petition was not held within the timeframe required by statute;[2] (4) procedural due process was denied; (5) the circuit court erred in stating that it was without

---

[1]*See* Ark. Code Ann. § 9-15-201(e)(2) (Repl. 2015).

[2]*See* Ark. Code Ann. § 9-15-204(a)(1).

jurisdiction to award appellant temporary visitation rights to the parties' minor child, A.K.;[3] and (6) the circuit court erred in extending the order of protection to A.K. We affirm in part and reverse and dismiss in part.

Appellee filed a petition and affidavit on May 29, 2019, seeking an order of protection for herself and A.K., against appellant. The circuit court entered an ex parte order of protection on May 29 and scheduled a hearing on the petition for June 5. On June 5, an order was entered continuing the ex parte order of protection and rescheduling the hearing for July 18. Following the July 18 hearing, at which both parties appeared pro se, the circuit court entered a one-year final order of protection for appellee and A.K. prohibiting appellant from initiating any contact with them, including, but not limited to, physical presence, telephonic, electronic, oral, written, visual, oral, or video. The circuit court granted appellant supervised visitation with A.K. to be exercised that day only and further encouraged appellant to take the proper steps to establish paternity and obtain visitation rights to A.K., stating that the court could not award visitation beyond that because appellant was a legal stranger to the child. Appellant now appeals.

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous.[4] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm

---

[3]While both parties acknowledged appellant to be A.K.'s biological father, because the child was born out of wedlock and paternity had not been established, appellant did not have any legal rights to A.K.

[4]*Poland v. Poland*, 2017 Ark. App. 178, 518 S.W.3d 98.

2

conviction that a mistake has been committed.[5]   Disputed facts and credibility determinations are within the province of the fact-finder.[6]

As a threshold matter, we first briefly address the issue of mootness.  Generally, a case becomes moot when any judgment rendered would have no practical effect upon a then-existing legal controversy.[7]  Here, the one-year final order of protection was entered on July 18, 2019, and expired on July 18, 2020; however, pursuant to our holding in *Poland*,[8] appellant's appeal of the expired final order of protection is not moot due to the adverse collateral-consequences exception that attend a finding of domestic abuse.

We now turn to appellant's first point on appeal in which he contends that the affidavit accompanying the petition for the order of protection did not satisfy statutory requirements.  Arkansas Code Annotated section 9-15-201(e)(2) provides that all petitions filed under the Domestic Abuse Act "shall be accompanied by an affidavit made under oath that states the specific facts and circumstances of the domestic abuse and the specific relief sought."  Relying on our holding in *Beason v. Parks*,[9] appellant contends that appellee's handwritten "see attached police report" on the affidavit form does not constitute compliance with the statutory requirement to state specific facts and circumstances of the domestic abuse.  Because appellant did not raise this argument at the hearing before the

---

[5]*Id.*

[6]*Id.*

[7]*Davis v. Brushy Island Pub. Water Auth.*, 375 Ark. 249, 290 S.W.3d 16 (2008).

[8]*Supra.*

[9]2015 Ark. App. 246, 459 S.W.3d 841.

circuit court, it is not preserved for our review. We will not address an issue raised for the first time on appeal.[10]

Appellant next argues that the final order of protection against him should be reversed due to noncompliance with the service requirements of Arkansas Code Annotated section 9-15-204 which states, in relevant part:

> (b)(1) Service of a copy of the petition, the ex parte temporary order of protection, if issued, and notice of the date and place set for the hearing described in subdivision (a)(1) of this section shall be made upon the respondent:
>
> (A) At least five (5) days before the date of the hearing; and
>
> (B) In accordance with the applicable rules of service under the Arkansas Rules of Civil Procedure.

Appellant contends that there is no proof that he was properly served copies of all the statutorily required documents, more specifically, appellant asserts that there is no proof in the record that he was served the ex parte order of protection. Our review of the transcript from the hearing reveals the following exchange between appellant and the court regarding service.

THE COURT: Okay. Well, I'm glad things are calmer. I'm just confirming my proof of service here that he's gotten a copy of this lawsuit. Yep. Fulton County Sheriff's Office was good enough to serve this on June the 5th. The same day we -- the same day we continued it until today. So, is Mr. Kankey present? There he is. You just stood up, Mr. Kankey.

APPELLANT: Your Honor, it showed that I was served on a day before that I was actually arrested that night which I was not served until I went − was -- went to the police station.

---

[10]*Barnes v. Wagoner*, 2019 Ark. App. 174, 573 S.W.3d 594.

THE COURT:        Okay.  Well, the important thing about service is -- is that I can't take any action until both sides have seen it and read it. So, have you gotten a copy of this petition and affidavit and had an opportunity to read it?

APPELLANT:       Yes, ma'am.

To the extent that this exchange can be construed as a challenge to service, it is only to the date of service and not to the documents with which he was actually served, as is his argument here on appeal.  A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial.[11]  Because this particular service issue was not raised below, we are precluded from reviewing it now.

Citing *Wills v. Lacefield*,[12] appellant additionally argues lack of proper service is not waivable because Arkansas Rule of Civil Procedure 12 does not apply to proceedings under the Domestic Abuse Act.  His argument is not well taken.  In *Wills*, our supreme court concluded that "proceedings filed under the Domestic Abuse Act are special proceedings, so that to the extent the statutes creating the special proceedings provide for a procedure that is different from our rules of civil procedure, the rules of civil procedure do not apply."[13] Contrary to appellant's contention, *Wills* did not hold that service defects are not waivable

---

[11]*Garrison v. Hodge*, 2018 Ark. App. 556, 565 S.W.3d 107.

[12]2011 Ark. 262.

[13]*Id*. at 5.

in special proceedings.[14]  Moreover, we have consistently held that a challenge to service is waived when an appellant failed to object below.[15]

Next, appellant contends that due to the untimeliness of the hearing on the petition, the final order of protection should be reversed.  Arkansas Code Annotated section 9-15-204(a)(1) provides that "the court shall order a hearing to be held on the petition for the order of protection not later than thirty (30) days from the date on which the petition is filed or at the next court date, whichever is later."  Appellee filed the petition for the order of protection on May 29, 2019.  The original hearing on the petition was set for June 5; however, it was "rescheduled by the Court" and reset for July 18, at which time the hearing was held and the final order of protection was entered.  Appellant seems to argue, albeit vaguely, that the July 18 hearing was held outside the thirty-day statutory window for such petitions to be heard.  Because appellant failed to make this argument below it is not preserved for our review.[16]

Appellant next argues that he was "denied procedural due process" at the hearing on the petition for the final order of protection.  His due-process argument appears to be two-fold: (1) the circuit court did not allow appellant to secure his counsel's attendance at the hearing, and (2) the circuit court did not allow appellant—or inform him of his right—to confront the witness against him.  First, although appellant indicated that he had retained

---

[14] *See id.*

[15] *See Bane v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 617, 509 S.W.3d 647.

[16] *See Barnes, supra.*

6

counsel, he stated that his counsel could not attend the hearing due to a scheduling conflict. At no time did appellant request the opportunity to secure his counsel's attendance nor did appellant object to proceeding with the hearing without representation.[17] Second, appellant did not raise the issue of confronting the witness against him at the hearing. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered.[18]

Appellant next argues that the circuit court misapplied the law when it stated that it was without jurisdiction to award appellant visitation rights at the hearing on the petition for the order of protection as the parties were unwed and there had been no establishment of paternity. He contends that the Domestic Abuse Act applies to persons "who have a child together" and does not specify that the parties must be married or have an order of paternity.[19] Appellant further contends that Arkansas Code Annotated section 9-15-206(b)(1)(C) specifically provides for the circuit court's authority to establish temporary visitation rights. Although at the hearing on the petition appellant repeatedly requested to see A.K., at no time did he assert that the circuit court had the authority to grant him

---

[17]A thorough review of the record reveals that appellant was confused when he expressed to the circuit court that he was represented by an attorney at the time of the hearing on the final order of protection.

[18]*Pelayo v. Sims*, 2020 Ark. App. 258, 600 S.W.3d 114.

[19]*See* Ark. Code Ann. § 9-15-201.

temporary visitation rights in the absence of an existing establishment of paternity.[20]  This court will not consider arguments raised for the first time on appeal.[21]

For his final point, appellant argues that the circuit court erred in extending the final order of protection to A.K.  He contends that because the circuit court provided no basis for extending the order to the minor child and appellee provided no evidence that appellant caused "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault" to A.K., the final order of protection as extended to A.K. was error and the order should be reversed.  Although appellant did not directly identify this issue as a challenge to the sufficiency of the evidence supporting the finding of domestic abuse as to A.K., we recognize it as such and will address it in that manner.[22]

In the petition for the order of protection, appellee alleged that on May 27, in the presence of A.K., appellant shoved her against a barn door, knocked her over an air compressor, beat her with a cowboy hat, dragged her by her hair, shoved her into a truck, and spit in her face.  Appellee further alleged in the petition that there was a history of

[20]Although unnecessary due to appellant's failure to preserve the issue, we point out that the circuit court did not "misapply" the law; Ark. Code Ann. § 9-15-205(a)(3) provides that at the hearing on the petition filed under the Domestic Abuse Act, upon a finding of domestic abuse, the court may award temporary custody or establish temporary visitation rights with regard to minor children of the parties if a previous child custody or visitation determination has been made by another court with continuing jurisdiction with regard to the minor children of the parties.

[21]*Rider v. Longbow Ranch, LLC*, 2017 Ark. App. 444, 526 S.W.3d 915.

[22]In a nonjury civil trial, a challenge to the sufficiency of the evidence need not be raised below to preserve it for appellate review.  *Bohannon v. Robinson*, 2014 Ark. 458, 447 S.W.3d 585.

domestic abuse by appellant, detailing another incident from September 2018 in which appellant allegedly placed a gun to her head and threatened to kill her if she ever left him. Attached to the affidavit accompanying the petition was a police report dated May 29, 2019, on which officer Jacob Smith of the Fulton County Sheriff's Department noted under injury description that appellant had "bruising on arms and neck, scratches on neck and chest" that she claimed were caused by appellant.

At the hearing on the petition, an affidavit was presented to the circuit court in which appellee sought dismissal of the petition, stating that as she reflected upon the May 27 incident, she believed both she and appellant "acted foolishly and inappropriately" and appellant had since "taken steps in the right direction." When asked by the court what she believed to be in her best interest, appellee responded, "Honestly, even though [appellant] was very abusive to me, he was a wonderful father." Although she expressed her desire for appellant to have contact with A.K., appellee stated that "the things I put in my petition are true and correct." Appellant denied the allegations, including putting a gun to appellee's head, threatening to kill her, dragging her by her hair, and spitting in her face. Appellee further explained that during the May 27 incident after appellant dragged her to the truck, "we put our daughter in the truck and I got in and as he got in, he would reach over and grab a hold of me by my collar and the hair and proceeded to yell at me while he's spitting in my face."

"Domestic abuse" is defined as "[p]hysical harm, bodily injury assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or

9

household members."[23]  Appellee did not allege in the petition for order of protection, the accompanying affidavit, or at the hearing on the petition that appellant perpetrated such acts against A.K.  The most that she claims is that the incidents occurred in the presence of A.K.  While the record sufficiently supports a finding of domestic abuse against appellant as to appellee, we hold that exposure to such incidents, although concerning, does not constitute domestic abuse as defined by our statutes.  Therefore, we reverse the final order of protection as extended to A.K.

For the foregoing reasons, we affirm the final order of protection entered by the circuit court as to appellee; however, we reverse the extension of the final order of protection to cover the minor child, A.K.

Affirmed in part; reversed and dismissed in part.

ABRAMSON and SWITZER, JJ., agree.

*Ethredge & Copeland, P.A.*, by: *Johnnie A. Copeland*, for appellant.

One brief only.

---

[23]Ark. Code Ann. § 9-15-103(3)(A).