Cite as 2021 Ark. App. 202

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-20-281

|  |  |
|---|---|
| KEVIN BALTZ | **Opinion Delivered** April 28, 2021 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-20-181] |
| V. | |
| BRADLEY BALTZ | HONORABLE XOLLIE DUNCAN, JUDGE |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Kevin Baltz appeals from the five-year order of protection entered against him on February 18, 2020, in Benton County. The protection order prohibits Kevin from contacting his son, appellee Bradley Baltz. On appeal, Kevin raises two points: (1) the evidence was insufficient to support a finding of "domestic abuse," and (2) the issuance of a new protection order based on circumstances previously litigated was barred under the doctrine of *res judicata*. We affirm.

On January 31, 2020, Bradley petitioned the Benton County Circuit Court for an order of protection against Kevin. The case was transferred to Division V of the circuit court, which heard the previous domestic-relations cases involving the parties,[1] and a temporary order of protection was entered. On February 6, an amended petition for order

---

[1]The companion cases concern a 2012 protection order, a 2018 protection order, and the divorce proceedings between Kevin and Bradley's mother, Clare Baltz.

of protection was filed against Kevin. In the accompanying affidavit, Bradley stated as follows:

> The respondent has harassed me (1/19/2020 – present) by constantly calling me. He has resorted to hiding his caller ID and reached out to me through his brother. I had a previous order of protection because I was concerned about my safety, and he had physically lashed out at me before. He has threatened the life of my family (mother) prior and I am concerned that I would get in his way. He has been physically violent before to my mother, and I would have to get in his way to stop him. I have no doubt he would force his way through me to her. In the past, he had physically abused me to get his way, which led to the prior order of protection going into place. He harmed me in the fall of 2018 right before the order of protection was filed.

In response, the court entered another temporary order of protection, effective until February 18, when the court convened to address Bradley's petition.

At the hearing on the order of protection, Clare testified that she received a protection order against Kevin in December 2018 that was recently extended for a ten-year period. Her children, including Bradley, were covered under that order until they reach eighteen years of age. When Clare began to detail the involvement of Bradley in the events that led to that order, Kevin objected, arguing that testimony regarding the prior order of protection was *res judicata* since it had already been litigated. His objection was overruled. Clare went on to testify that she heard Bradley yelling, "Stop, you're physically hurting me. Let go of me. You're hurting me." She stated that Bradley then ran away after Kevin ordered him to get out of the house and not to come back. Clare testified that she later found Bradley on the side of the road, in a ball, and shaking. She further stated that she saw bruising from the physical abuse that Bradley suffered by Kevin.

Clare said she continues to fear for their safety because Kevin has violated the protection order on multiple occasions. She mentioned Kevin had followed her youngest

2

son after school, which she reported to police. Clare described an incident in September or October 2019 when she saw Kevin at a four-way stop near the school where both she and Bradley work. She stated that Kevin appeared to be recording them. On cross-examination, Clare said Bradley informed her that immediately after his eighteenth birthday, Kevin contacted him by sending texts and a card, but she was unaware of their content because she had not read them. Clare acknowledged she does not know of physical harm or threats made by Kevin since Bradley turned eighteen.

Bradley testified that directly after he turned eighteen on January 18, 2020, signaling the expiration of the previous order of protection that prohibited Kevin from contacting him, Kevin began reaching out. Bradley described the frequency of Kevin's calls and text messages as occurring every day or every other day. Reviewing screenshots entered into evidence, Bradley estimated that Kevin left him "about 20" voicemails during a two-week period. Despite the numerous calls and texts, Bradley stated that he never responded. Additionally, Bradley said he does not want to have contact with Kevin, and he fears for his safety due to Kevin's past physical abuse. Kevin again objected to testimony regarding incidents in 2018 on *res judicata* grounds; the court responded, "Okay." Without further objection, Bradley went on to detail the effects he has suffered due to the incidents with Kevin, which include anxiety and trouble sleeping.

Bradley testified on cross-examination that he received a birthday card from Kevin. He acknowledged that the card said, "I love you, son," and was not threatening. Nevertheless, Bradley stated that he does not want to repair the relationship with Kevin

3

because he believes it to be "pointless." He explained that all previous attempts to seek help had failed.

Kevin testified that following Bradley's eighteenth birthday, he began attempting to communicate with him. Kevin admitted calling Bradley and sending him text messages and a birthday card. He said he was reaching out to Bradley in an effort to "begin the healing process." Kevin testified that he is deeply sorry for the things he has done and begged for forgiveness and the opportunity to have a relationship in the future. Kevin stated if Bradley chooses to have no contact with him, he will respect his decision.

In its ruling, the court stated that the situation was brought on "by years of behavior." It further recognized that "the only reason the Order of Protection is not in place for Bradley right now is because he turned 18." On February 18, 2020, the circuit court entered a final order of protection in favor of Bradley for a five-year period. This appeal followed.

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence.[2] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[3] Disputed facts and credibility determinations are both within the province of the fact-finder.[4]

---

[2]*Oates v. Oates*, 2010 Ark. App. 345, 377 S.W.3d 394.

[3]*Id.*

[4]*Id.*

4

On appeal, Kevin concedes that following the expiration of the previous order of protection on Bradley's eighteenth birthday, he contacted Bradley via telephone, text message, and greeting cards. However, Kevin asserts that bona fide attempts to rekindle the father-son relationship do not meet the statutory definition of "domestic abuse" even if the efforts are deemed harassing in nature. He argues the court clearly erred by entering a protective order based on allegations amounting to, at most, harassment, that were unaccompanied by threats of imminent bodily harm.

When a petition for an order of protection is filed under the Domestic Abuse Act, the circuit court may provide relief to the petitioner upon a finding of domestic abuse.[5] "Domestic abuse" is defined as "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members."[6]

While Kevin argues that his attempts at reconciliation with Bradley may be deemed harassment, he contends that it is not sufficient to support a finding of domestic abuse because he did not physically harm or threaten to harm Bradley. In support of his argument, Kevin relies on this court's holding in *Paschal v. Paschal*,[7] which provides that harassing and controlling communications do not fall under the definition of domestic abuse. However, with the clearly erroneous standard of review in mind, we affirm the order of protection.

---

[5]Ark. Code Ann. § 9-15-205 (Repl. 2020).

[6]Ark. Code Ann. § 9-15-103(4)(a) (Repl. 2020).

[7]2011 Ark. App. 515.

Here, the court was well-acquainted with the parties due to several prior domestic-relations cases. Although Kevin would have his "non-threatening" attempts at reconciliation viewed in isolation, it must be viewed as a whole, in context with the family's long history and pattern of abuse, dating back to 2012. The record sufficiently supports the circuit court's finding that in light of Kevin's past abusive behavior, his harassing communications could reasonably inflict fear of imminent physical harm in Bradley. Accordingly, we affirm the circuit court's finding of domestic abuse.

Kevin next argues that the circuit court erred in entering a new protection order based solely on past circumstances that had already been litigated, which is barred under the *res judicata* doctrine. At the hearing on the order of protection before the circuit court, Kevin raised two *res judicata* arguments, both as evidentiary objections to testimony regarding an order of protection entered in December 2018. On appeal, Kevin makes a different *res judicata* argument. Instead of an evidentiary error, he contends the new protection order, as a whole, runs afoul of *res judicata*. However, while Kevin moved to dismiss on grounds that Bradley failed to sustain the burden of proof for an order of protection beyond a preponderance of the evidence, he made no *res judicata* argument in the context of the motion to dismiss. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal.[8] Here, because Kevin has changed the *res judicata* argument he made before the circuit court and now brings forth a new one for the first time on appeal, it is not preserved for our review.

---

[8]*Garrison v. Hodge*, 2018 Ark. App. 558, 565 S.W.3d 107.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya*, for appellant.

*Tina Adcock-Thomas*, for appellee.