Cite as 2021 Ark. App. 438

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-21-71

| | | |
|---|---|---|
| JOSE A. MORALES | | **Opinion Delivered** November 10, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-20-895] |
| V. | | |
| | | HONORABLE H.G. FOSTER, JUDGE |
| ATHALIA GARCIA | | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART |
| | APPELLEE | |

## PHILLIP T. WHITEAKER, Judge

In this one-brief case, appellant Jose Morales appeals from an order of the Faulkner County Circuit Court extending an order of protection against him until 2030. Morales argues that while there was sufficient evidence to support the extension of the order of protection as to his wife, appellee Athalia Garcia, there was insufficient evidence to warrant the extension as to his children. We find merit in his argument, and we affirm in part and reverse and dismiss in part.

Garcia sought an order of protection for herself and her five minor children on October 8, 2020. In her petition, she alleged that Morales has a history of domestic abuse against her including previous instances of hitting her, pulling her hair, and attacking her verbally. Garcia reported that one previous incident was witnessed by her children and that Morales's behavior was having a negative impact on her son, stating that for him, "sadly it is something normal that he does not [see as] bad." Garcia also reported that on September

15, Morales came to see the children at her home. While there, Morales snatched her phone, pulled and scratched at her arms, and threatened to kill her by running her over with the car. In addition, Morales broke the windshield on her car when she told him that she no longer wanted to be in a relationship with him.

Garcia further stated that on September 26, Morales accused her of being responsible for the loss of his job and threatened to kill himself. Then, on September 28, he came into her house without her consent. He said he had nowhere to go, and his behavior made the children cry. Garcia described Morales on that day as being in "quit mode."

The final incident of domestic abuse reported by Garcia occurred on October 2. On that day, Morales went to her home and aggressively entered her bedroom, pushing and hitting Garcia. He also caused property damage to her car for the second time. The children witnessed the events that occurred on October 2.

The Faulkner County Circuit Court entered an ex parte order of protection on October 8 that covered Garcia and her five children until November 5, 2020. On November 5, the court conducted a hearing on the petition. At the hearing, Garcia testified about the history of domestic abuse perpetrated against her by Morales.[1] She introduced photos of the injuries Morales caused and photos of the two car windshields that Morales broke with his fist. Garcia testified that she was afraid Morales would physically hurt her, that he had hurt her in the past, and that she believed she needed an order of protection to

---

[1] On appeal, Morales does not contest the sufficiency of the evidence or challenge the order granting protection to Garcia. For that reason, we do not recite the details of the evidence concerning the abuse endured by Garcia.

keep her safe. She asked that any order of protection be put in place for "the most time that is allowed."

Morales also testified. He informed the court that if Garcia wanted to keep the order of protection in place for herself, that was "her right." He denied, however, that she should be able to limit his ability to see his children. He stated, "I don't have any problem with an order of protection for her. But as far as my children, I do not want any limitation put on between me and my children because I love them and they love me."[2]

At the end of the hearing, Garcia asked that the order of protection be extended for ten years on behalf of the minor children and herself. The court granted the request and entered a ten-year order of protection. The order, entered on November 10, 2020, specifically encompassed Garcia and her five children and stated that it was effective until November 5, 2030.[3] Morales timely appealed and now argues that there was insufficient evidence to support the circuit court's finding of domestic abuse against the children.

In compliance with Ark. R. App. P.–Civ. 2(a)(1), Morales has appealed a final order of protection entered in circuit court pursuant to Arkansas Code Annotated section 9-15-205 (Repl. 2020). *See Smith v. Murphy*, 2017 Ark. App. 188, 517 S.W.3d 453; *Steele v. Lyon*, 2015 Ark. App. 251, 460 S.W.3d 827. The standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the

---

[2]Morales also presented the testimony of his sister, Norma. We do not recite the specifics of her testimony because it relates only to the accusations of domestic abuse perpetrated by Morales against Garcia, which is not being challenged on appeal.

[3]An amended order was entered the same day to correct Morales's birth date.

preponderance of the evidence. *Bohannon v. Robinson*, 2014 Ark. 458, 447 S.W.3d 585. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Poland v. Poland*, 2017 Ark. App. 178, 518 S.W.3d 98.

Garcia filed for an order of protection on behalf of herself and her children pursuant to Arkansas Code Annotated section 9-15-201 of the Domestic Abuse Act. Under section 9-15-205, when a petition for an order of protection is filed under the Domestic Abuse Act, the circuit court may provide relief to the petitioner upon a finding of domestic abuse. Ark. Code Ann. § 9-15-205(a); *Baltz v. Baltz*, 2021 Ark. App. 202, 624 S.W.3d 338. "Domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members." Ark. Code Ann. § 9-15-103(3)(A) (Repl. 2020).

As the petitioner, Garcia had the burden of proving domestic abuse committed against her and against the children. Morales concedes that Garcia presented evidence concerning domestic abuse committed against her; however, he argues that Garcia failed to present testimony or evidence that he committed domestic abuse against the children. On the record before us, we agree.

Here, Garcia filed a petition seeking a protection order on behalf of the children, but her petition did not allege that Morales had committed acts of domestic abuse against the children. In her petition and affidavit, Garcia makes the following statements concerning the children: (1) the children were present when Morales pulled her hair; (2) the children

4

were present in the house during the incident on September 28 and were crying; and (3) her son has been adversely affected by Morales's behavior, seeing domestic abuse as normal and not bad, which resulted in her son's not calling 911 and preventing his sister from calling 911 during the incident on October 2. While witnessing domestic abuse can have a detrimental impact on children, Garcia did not state or allege that Morales engaged in acts of physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault on the children. More importantly, when she testified, Garcia did not mention the children at all nor did she offer any exhibits indicating that the children had been subject to domestic abuse.

Our court has addressed this issue previously. In *Kankey v. Quimby*, 2020 Ark. App. 471, 611 S.W.3d 671, the circuit court entered an order of protection against appellant Kankey that prohibited him from contacting his girlfriend—appellee Quimby—and her daughter. On appeal, we affirmed the order of protection as to Quimby but reversed it as to the child, writing as follows:

> "Domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members." [Quimby] did not allege in the petition for order of protection, the accompanying affidavit, or at the hearing on the petition that [Kankey] perpetrated such acts against [the child]. The most that she claims is that the incidents occurred in the presence of [the child]. While the record sufficiently supports a finding of domestic abuse against [Kankey] as to [Quimby], we hold that exposure to such incidents, although concerning, does not constitute domestic abuse as defined by our statutes. Therefore, we reverse the final order of protection as extended to [the child].

*Kankey*, 2020 Ark. App. 471, at 10, 611 S.W.3d at 676.

Likewise, here, although Garcia alleged that acts of domestic abuse were perpetrated against her in the presence of the children, neither her petition nor her testimony indicated

that Morales had committed any acts of physical harm, bodily injury, or assault against the children or that the children were ever in fear of such harm from him. In the absence of evidence that Morales engaged in acts of domestic violence against the children, the circuit court's order of protection as to the children was erroneous. Therefore, although we affirm the extension of the order of protection as to Garcia, we reverse and dismiss that portion of the order that pertains to the children.

Affirmed in part; reversed and dismissed in part.

HIXSON and BROWN, JJ., agree.

*Galvis Law, PLLC*, by: *Angela Galvis Schnuerle*, for appellant.

One brief only.