Cite as 2021 Ark. App. 267

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-20-474

| | |
|---|---|
| SUMMERS DRILLING & BLASTING, INC., A/K/A SUMMERS DRILLING, INC. <br> APPELLANT <br><br> V. <br><br> GOODWIN & GOODWIN, INC. <br> APPELLEE | **Opinion Delivered** May 26, 2021 <br><br> APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT <br> [NO. 66FCV-17-696] <br><br> HONORABLE J. MICHAEL FITZHUGH, JUDGE <br><br> AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

The appellant, Summers Drilling & Blasting, Inc., a subcontractor, was sued by appellee, Goodwin & Goodwin, Inc., a general contractor, under the theory of breach of contract. The Sebastian County Circuit Court found that Summers Drilling had breached the parties' subcontract by failing to perform the work in accordance with the contract's plans and specifications and awarded Goodwin damages plus costs and attorneys' fees. Summers appealed, and we affirmed on the merits of the underlying contract action but remanded for a recalculation of damages. *Summers Drilling & Blasting, Inc. v. Goodwin & Goodwin, Inc.*, 2020 Ark. App. 194, 598 S.W.3d 853 (*Summers Drilling I*).

On remand, the trial court reconsidered the evidence presented at trial, considered the parties' post-remand briefing, and recalculated its damages award. Goodwin requested that the original attorneys' fee award be reinstated and that additional fees be awarded for

work performed post-remand. The court granted the request. Summers Drilling again appeals, challenging the amount of damages awarded by the trial court as well as its award of attorneys' fees.

Our standard of review following a bench trial is whether the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Bohannon v. Robinson*, 2014 Ark. 458, 447 S.W.3d 585. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.* We review issues of statutory interpretation de novo. *Claver v. Wilbur*, 102 Ark. App. 53, 280 S.W.3d 570 (2008).

Summers Drilling argues first that the trial court erred in its award of damages. Summers Drilling contends that the trial court improperly calculated the expenses Goodwin incurred when completing the project, resulting in an overinflation in the amount of damages sustained by Goodwin. More specifically, Summers Drilling argues that the trial court (1) incorrectly determined that the hourly drilling rate was exclusive—rather than inclusive—of additional equipment rental; (2) improperly included expenses for work Goodwin did not perform; and (3) erroneously awarded damages for equipment rentals unrelated to services under the contract.

We are not persuaded by Summers Drilling's arguments. First, these arguments rely primarily on language from the concurring opinion in *Summers Drilling I*. Summers Drilling

2

maintains that the analysis contained in the concurring opinion was controlling on the trial court on remand and is controlling on this court on appeal. We disagree.[1]

Second, Summers Drilling's argument regarding the expenses incurred by Goodwin is, in essence, a challenge either to the trial court's interpretation of the evidence presented or to the evidentiary weight given by the trial court. In *Summers Drilling I*, we remanded to the trial court for a recalculation of damages. On remand, the trial court found that Goodwin had incurred $430,916.26 to complete the work. In doing so, the trial court considered all the evidence presented at trial, including the testimony of David Garcia. Garcia testified about, and presented the court with, a document summarizing the equipment and labor costs expended in the completion of the project. In its claim of error, Summers Drilling highlights inconsistencies or conflicts in the evidence presented at trial and challenges the underlying validity of and basis for this evidence by questioning its credibility. However, the trial court considered the evidence presented, heard counsels' arguments regarding the conflict in the evidence, and resolved the issues in Goodwin's favor. It is well settled that disputed facts and determinations of the credibility of witnesses and evidence presented are within the province of the fact-finder. *See Bohannon, supra.* Because the trial court's calculation of damages was supported by evidence in the record—namely, the testimony of David Garcia—we are not left with a definite and firm conviction that a mistake has been made.

---

[1]Concurring opinions agree with the disposition of the associated majority opinion but are written separately to express a point of distinguishment in reasoning from the majority. As such, concurring opinions are not adopted by the majority panel, and concurring opinions are not binding precedent.

Finally, Summers Drilling argues that the trial court erred in awarding attorneys' fees to Goodwin because Goodwin was not the "prevailing party." In essence, Summers Drilling contends that it was damaged, and Goodwin was not. As Summers Drilling has not prevailed on its underlying damages claim, its argument on attorneys' fees must necessarily fail as well.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*RMP LLP*, by: *Larry McCredy* and *Bo Renner*, for appellant.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*, for appellee.