Cite as 2021 Ark. App. 320

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-20-448

| | | |
|---|---|---|
| TERRI WARD | APPELLANT | **OPINION DELIVERED** September 8, 2021 |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-16-976] |
| V. | | |
| BRENT MILLER | APPELLEE | HONORABLE F. RUSSELL ROGERS, JUDGE |
| | | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Terri Ward appeals the Garland County Circuit Court's April 6, 2020 judgment in favor of Brent Miller, arguing that (1) it fails to conform to the facts adduced in the November 8, 2019 trial to such an extent that an abuse of the circuit court's discretion occurred; and (2) the circuit court failed to accurately state and apply Arkansas law regarding fraud and usury. We affirm.

I. *Facts and Procedural History*

Miller, an attorney, filed a complaint on October 27, 2016, alleging that Ward had breached a contract that the parties had entered into on October 30, 2014, with Miller loaning Ward $45,000 as evidenced by the execution of a promissory note. He further alleged that Ward had committed conversion by failing to repay the borrowed funds.

On January 17, 2017, Ward filed her answer alleging that (1) she never entered into a contract with Miller; (2) she never received $45,000 from Miller; and (3) the signature on the alleged promissory note is a forgery.

Miller filed a motion for summary judgment on October 17, 2017, to which he attached affidavits (1) by his paralegal and notary (Melanie McClure) swearing that Ward had signed the promissory note in question; (2) by Miller himself regarding the transaction and the resulting disagreement between the parties; and (3) by his adopted daughter (Grace Arendt, who is also Ward's biological granddaughter) swearing that Ward had visited an apartment in Arkansas and left with an envelope she had received from Miller while there on October 30, 2014.

On October 23, Ward filed a response to Miller's motion for summary judgment, denying his allegations and at the same time arguing that the interest called for in the contract is usurious; accordingly, the contract is void. She attached an affidavit in which she swore that (1) the signature on the promissory note is not hers and that she had hired a handwriting expert to prove this; (2) she had never borrowed or received $45,000 from Miller; and (3) she had never met Ms. McClure or been in front of a notary in Arkansas.

On October 26, Ward filed a motion to dismiss based on her usurious-interest argument. Miller responded on November 3 denying that the promissory note was usurious and therefore void and also claiming that because Ward had never made any payment on the note, she had no claim for recovery.

On June 15, 2018, Ward filed an amendment to her response to Miller's motion for summary judgment, restating the allegations in her original response and attaching an

2

affidavit by her employee and aunt (Kathy Doyal) swearing that Ward had not been in Arkansas on October 30, 2014, and that Miller's adopted daughter had texted Ward statements that contradicted the adopted daughter's sworn affidavit. Ward also attached an affidavit by an attorney (Kitty Crutcher) who indicated that Ward had not been in the state of Arkansas on or about October 30, 2014. On November 7, Miller filed a motion to withdraw his motion for summary judgment, and that motion was granted pursuant to an order filed on November 8.

Following a bench trial on November 8, 2019, the circuit court entered its judgment on April 6, 2020, awarding Miller $85,021.28, and specifically finding the following:

3. That the Defendant entered into a contract with the Plaintiff to borrow $45,000.00, which was memorialized by the Promissory Note entered into evidence.

4. The first defense, that of fraud, or that the Plaintiff fabricated the note and forged Defendant's notarized signature was not persuasive. The Court does not believe that the notary committed perjury when she testified that the Defendant was present in her office and signed in her presence. Ms. McClure was a credible witness, whereas the Defendant was not.

5. The Defendant's alternative defense of usury fails as a matter of law, in that Defendant testified that she never paid Mr. Miller anything at all, neither principle nor interest; therefore, there was no usurious exaction upon which to state that claim.

6. The Court finds that the penalty for default contained in the Note ($500.00 for each 30 day period that passes after default) is a penalty and not interest. Regardless, it does not exceed the maximum rate of interest allowed by law, so the Court awards a Judgment to Plaintiff in the amount of the note $45,500.00 plus the $500 per month.

7. The amount of the judgment is penalty, ($31,500.00 through March 15, 2020), plus the principle of $45,500.00 for a total of $76,500.00.

8. Because this is a breach of contract suit, there are statutory costs and attorney fees awarded to Plaintiff in the amount of $8,521.28. The Court does not award fees on time that was attributed personally to the Plaintiff but does award the time billed by lawyers Gary Miller and Joe Churchwell.

9. Total Judgment as of March 15, 2020 is $85,021.28 and post judgment interest of 10% shall accrue on the principle, penalties, and attorney fees and costs until this judgement is satisfied at the rate of $23.29 per day.

Ward timely filed a notice of appeal on May 1, 2020.

## II. *Discussion*

### A. Does the Judgement Fail to Conform to the Facts from the November 8, 2019 Trial?

Our standard of review following a bench trial is "whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence." *Summers Drilling & Blasting, Inc. v. Goodwin & Goodwin, Inc.*, 2021 Ark. App. 267, at 2, 626 S.W.3d 130, 131. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.* In a civil bench trial, "a party who does not challenge the sufficiency of the evidence does not waive the right to do so on appeal." *Case v. Van Pelt*, 2019 Ark. App. 382, at 17, 587 S.W.3d 567, 576.

Ward argues that the circuit court's April 6, 2020 judgment fails to conform to the facts adduced at trial and in the pleadings below to such an extent that there is an abuse of the circuit court's discretion. Based on the pleadings before the court, the facts in dispute at trial included (1) whether Ward visited Miller's office or was otherwise present in Arkansas on October 30, 2014; (2) whether the signature on the alleged promissory note is Ward's; and (3) whether Miller ever gave Ward any money. Ward asserts that the evidence presented

undermined the validity of the promissory note, and she argues that the circuit court committed an abuse of discretion in entering a judgment in Miller's favor.

Ward submits that the record shows that she was not in the state of Arkansas on October 30, 2014 and therefore could not have signed the promissory note as alleged by Miller, and that it was a forgery. She claims that this was established by her October 23, 2017 affidavit and her sworn testimony at trial as well as by the sworn affidavits of Ms. Doyal and Ms. Crutcher that were filed with the circuit court below on June 15, 2018. Ward points out that although Miller filed pleadings of equal weight arguing that she was in Arkansas on that date, he was unable to produce testimony from the author of said pleadings at trial.

Despite Ward's sworn testimony and the sworn statements of others, the circuit court found that she was not a credible witness. Although Ward is not a licensed attorney, she maintains that her sworn statements should have been given weight equal to those of Miller. Ward argues that the circuit court committed an abuse of discretion in overlooking and discounting her verifiable testimony; as such, this court should be left with a firm conviction that a mistake has been made.

Moreover, outside of the alleged promissory note presented by Miller and the contradictory affidavits provided by him, Ward states that there is no proof that Miller ever gave her any money. Even though the alleged transaction totaled more than $45,000, the record does not reflect that Miller provided the circuit court with any other proof that the transaction took place. There were no bank-account statements tendered; no affidavits from

5

tellers, bankers, or personal accountants provided; and no receipts of withdrawal or anything similar made available to the circuit court for review.

At trial, Miller was specifically asked about his alleged giving of the $45,000 to Ward on October 30, 2014: "Did you make her sign a receipt that you gave her $45,000 cash?" Miller responded that he did not make her sign a receipt and indicated that Ward was supposed to visit his office the following day.

Ward claims that the testimony at trial also evidences that Ward had no need to ask Miller for money. When asked if she was having financial problems in 2014, Ward indicated that she was not and that she had plenty of assets. "I had homes and then I had vehicles. I had a–pretty much a yacht. I didn't borrow money from people. I loaned a lot of money, but I didn't borrow money." And when asked if she had "large payments on these," she responded, "No. They were all paid for." Beyond her testimony, Ward submits that her position is supported by the pleadings before the court.

Ward argues that because the evidence presented clearly proved that she was not in the state of Arkansas on October 30, 2014, and therefore could not have signed the alleged promissory note as alleged by Miller, the promissory note and the forged signature are therefore void. Finally, outside of the alleged promissory note presented by Miller and the contradictory affidavits provided by him, there is no proof that Miller ever gave Ward any money. She asks this court to hold that the circuit court committed reversible error by awarding judgment in Miller's favor.

We disagree and hold that the circuit court did not abuse its discretion in finding that Ward did sign the promissory note pursuant to which she borrowed $45,000 from Miller and that the debt was valid.

Initially, we note that the affidavits on which Ward asks this court to rely were never entered into evidence before the circuit court. The affidavits were filed in support of her original and amended responses to Miller's motion for summary judgement—Ward filed no competing motion for summary judgement of her own. On November 7, 2018, however, Miller moved to withdraw the motion for summary judgment—which was granted on November 8, 2018—the result of which was that the circuit court never ruled on Miller's motion for summary judgment. Accordingly, any affidavits offered in support of, and in opposition to, the motion were not evidence before the circuit court and could not be considered either at trial or on appeal. As a result of the withdrawal of Miller's motion for summary judgment, the circuit court's only evidence was the promissory note itself and the testimony of the parties: Ms. McClure, the paralegal and notary for Miller; and Ms. Doyal, Ward's aunt and long-time employee, for Ward.

Although Ward submits that the circuit court found in favor of Miller solely because his testimony and that of his paralegal were weighed more heavily despite evidence that directly contradicted Miller's position, we are not left with a definite and firm conviction that a mistake has been made. *Summers*, *supra*. There is nothing in the record before us that indicates that the circuit court afforded more weight or credibility to Miller or McClure simply because of their roles in the legal system. Ward's argument at its core is one of

7

credibility, and disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.* Because no clear error occurred, we affirm.

### B. Did the Circuit Court Fail to Accurately State and Apply Arkansas Law on Fraud and Usury?

Ward next argues that the circuit court failed to accurately state and apply Arkansas law regarding fraud and usury such that it committed an error of law that is reviewable de novo.[1] Ward urges that the evidence presented at trial and in the pleadings below strongly support her allegation that Miller should be estopped from enforcing the alleged promissory note because the elements of fraud were easily established here, and Ward's defense of usury was improperly disregarded by the circuit court.

Because of our holding related to Ward's first argument and the affirmance of the circuit court's findings regarding the enforceability of the promissory note between the parties, we need not further address Ward's second fraud argument.

Ward next argues that the second error of law is that the circuit court predicated its finding of no usury on the lack of payment by Ward. She submits that the applicable law on usury is that the Arkansas Constitution permits interest to be charged at the rate of no more than 17 percent per annum. Ark. Const. art. 19, § 13. amended by Ark. Const. amend. 89, § 3. For a contract to be usurious, it must be so at the time it is entered into. *Evans v. Hamby*, 2011 Ark. 69, at 6, 378 S.W.3d 723, 728. Under article 19, section 13, a usurious contract can result in interest, principal, or both being declared void as well as enabling the debtor to seek damages if any interest was paid. Ark. Const. art. 19, § 13.

---

[1]De novo review means that the entire case is open for review. *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 9, 461 S.W.3d 317, 323.

Because the "penalty for a usurious transaction is indeed heavy," the plaintiff has the burden of proving by clear and convincing evidence that the lender possessed the intent to commit usury. *See Hickman v. Courtney*, 361 Ark. 5, 10, 203 S.W.3d 632, 636 (2005). Usury will not be presumed, imputed, or inferred where an opposite result can be fairly and reasonably reached. *Id.* The intent that is required, however, is not an intent to violate the law but merely the intent to charge a rate of interest that proves to be usurious. *Id.* In ascertaining intent, the fact-finder must look beyond the four corners of the challenged agreement "to determine, considering all of the attendant facts and circumstances, if the contract is usurious in effect." *Id.*

Here, the promissory note calls for $500 to be paid every thirty days after December 15, 2014, if the money is not repaid in full pursuant to the terms of the promissory note. As provided in Miller's response to Ward's motion to dismiss filed below on November 3, 2017, "If the whole of the $500/month additional charge under the note were deemed to be for interest, the effective rate originally would only have been about 13.3%." And again, as Miller provided below, "$500/mo. x 12 mos.= $6,000. $6,000 divided by $45,000 = 13.333…%." Ward submits that 13.3 percent plus the 10 percent interest sued for below exceeds 17 percent; thus, the rate in the promissory note as applied is usurious.

However, Ward notes that case law has long held that "[i]t does not matter whether the added charges are called a 'penalty,' 'late charge,' 'service charge,' or some other name. [Courts] look to the facts of each case to determine whether the additional charges are a cloak for usury, and, if they are, the contract is void." *Luebbers v. Money Store, Inc.*, 344 Ark.

9

232, 239, 40 S.W.3d 745, 750 (2001). Here, Ward urges that the $500 regular monthly payments are clearly interest and that the circuit court erred in finding otherwise.

Further, Ward claims that there is no supporting Arkansas law for the proposition that a contract or judgment on it is not usurious if no money was paid. The circuit court predicated its award of a judgment on the basis that the defense of usury failed because Ward had made no payments. She argues that it is not the consideration or performance of payments on a contract that makes it usurious; it is the contract itself when it is entered into. *See Hickman*, *supra*. Ward asserts that usury law is designed to bar illegal contracts from being entered into, not to merely prevent illegal payments from being made. Ward maintains that because the circuit court misapplied the usury law in finding that there must be payments for usury to apply, the judgment cannot be upheld.

We disagree and find merit in Miller's response that, had Ward paid the obligation as per the promissory note's requirements, there would have been no late fees or penalties— merely a single $500 interest payment. The amount Ward claims is usurious interest would never have accrued, and it was entirely within her control to avoid the penalty.

Similarly, in *Carney v. Matthewson*, 86 Ark. 25, 109 S.W. 1024 (1908), which is cited by Miller, a promissory note with an interest rate at 10 percent per annum provided that if the interest was not paid annually, it would become a part of the principal and thereafter bear interest as principal. Our supreme court held that the late charge provided in the instrument after delinquency was a penalty and did not render the transaction usurious.

Our supreme court has held that a "late charge" is in the nature of a penalty for delinquency and does not render the transaction usurious, even when provided for in the

10

instrument evidencing it. *Harris v. Guar. Fin. Corp.*, 244 Ark. 218, 424 S.W.2d 355 (1968); *Carney*, *supra*; *see also Phipps-Reynolds Co. v. McIlroy Bank & Tr. Co.*, 197 Ark. 621, 124 S.W.2d 222 (1939). The rationale is that agreements containing penalties to induce prompt payment are free from usury because the buyer has it in his or her power to avoid the penalty by discharging the debt when it is due. *See Hayes v. First Nat'l Bank of Memphis*, 256 Ark. 328, 507 S.W.2d 701 (1974); *Morgan v. Rogers*, 166 Ark. 327, 266 S.W. 273 (1924); *Carney*, *supra*; *Chaffe & Sons v. Landers*, 46 Ark. 364 (1885).

While Ward correctly notes that it is not the consideration or performance of payments on a contract that makes it usurious, it is the contract itself when it is entered into, *see Hickman*, *supra*; *Smith v. MRCC P'ship*, 302 Ark. 547, 792 S.W.2d 301 (1990), we nevertheless hold that the circuit court did not commit reversible error in finding that the provision requiring that $500 be paid every thirty days after December 15, 2014, if the money was not repaid in full pursuant to the terms of the promissory note was a penalty rather than usurious interest. Accordingly, we affirm.

Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

WH *Law*, by: *Chris W. Burks*, for appellant.

*Joe Churchwell*, for appellee.

11